James Tarrity and Louise Tarrity, his wife, Plaintiffs, *v.* Pittston Area School District and State Public School Building Authority, Defendants.

Heard July 22, 1974, by Judge ROGERS.

*Joseph J. Musto*, with him *Lewis W. Wetzel*, for plaintiffs.

*J. Earl Langan,* for defendants.

OPINION BY JUDGE ROGERS, November 15, 1974:

### STATEMENT OF ISSUE

The plaintiffs, James Tarrity and Louise, his wife, suing in equity, seek an order directing the defendants, the Pittston Area School District and the State Public School Building Authority, to remove an obstruction to, and enjoining the defendants from future interference with, an easement of passage over lands of the defendant Authority occupied by the defendant School District. The plaintiffs claim the easement by prescriptive right.

### FINDINGS OF FACT

1. The plaintiffs purchased a house and lot located at and known as number 66 Reynolds Street, in the Borough of Hughestown, Luzerne County, in April 1947. They have occupied the premises as their residence since its acquisition.

2. Reynolds Street runs in a generally north-south direction. The Tarrity property is on the west side of the street. Reynolds Street intersects Parsonage Street, a public street of the Borough of Hughestown, running in a generally east-west direction, at a place about 150 feet south of the Tarrity property. Reynolds Street is paved from Parsonage Street to a point about 300 feet north from its intersection with Parsonage Street, which point is about 150 feet north of the Tarrity property. The record does not disclose whether the paved portion of Reynolds Street is a public street of Hughestown Borough by official action of the governing body. It was paved by the Borough.

3. The grade of Reynolds Street descends from the Parsonage Street intersection. The grade of Reynolds

Street where it fronts the Tarrity property is 10 to 12 feet below its grade at the intersection.

4. In or before the year 1932, the then owner of land abutting the east side of Reynolds Street, The Pennsylvania Coal Company, constructed a concrete wall along and adjacent to the east side of Reynolds Street from Parsonage to a point about 300 feet from the intersection. The wall varies in height in conformity with difference between the grade of Reynolds Street and the land bordering on the east. It is therefore 10 to 12 feet at the location of the Tarrity home.

5. Immediately east of the top of the concrete wall and running parallel to the wall and Reynolds Street below, is a roadway known locally as New Street. This roadway was formerly a way on and through lands of The Pennsylvania Coal Company. New Street intersects with Parsonage Street just east of the Reynolds Street intersection and proceeds to the boundary line of Hughestown and the City of Pittston, where it joins and becomes Main Street, Pittston. Main Street leads to the Pittston business district.

6. Until about 1936, The Pennsylvania Coal Company maintained a fence around its premises fronting on Parsonage Street, which prevented public access to New Street and over it to Main Street, Pittston. During the period before 1936 when the fence obstructed New Street, persons desiring to travel to Pittston via Main Street, left Parsonage Street in Hughestown at Reynolds Street, proceeded north on Reynolds Street to the end of the wall, then traveled along a dirt lane across The Pennsylvania Coal Company's land to a point where the said lane extending from Reynolds Street converged with New Street. The extension of Reynolds Street from the end of the wall to New Street is the subject of this case. This lane from the end of the wall to New Street was used by members of the

general public openly, notoriously, visibly and continuously from a time not later than 1932 until November 1971, when the extension was obstructed by the defendants as described hereinafter.

7. The plaintiffs, James and Louise Tarrity, from and after their purchase and occupancy of premises 66 Reynolds Street used the extension of Reynolds Street from the end of the wall through lands of the coal company and its successors as access to New Street and thence to Main Street, Pittston, continuously, openly, notoriously, adversely and under a claim of right as a route of travel by automobile to and from Pittston, until November 1971, when the extension was obstructed by the defendants herein.

8. The plaintiffs' use of the now obstructed extension of Reynolds Street was not objected to by the coal company or its successor owners of the property over which they traveled. Such use was, however, without permission of such owners.

9. The property of The Pennsylvania Coal Company through which the said Reynolds Street extension (and New Street) passed came into the possession of George Bone, Sr., who in the late 1940's constructed an automobile racing track north of the Tarrity property. He improved the extension of Reynolds Street and directed traffic to, from and over his property by way of Reynolds Street and its extension aforesaid. Bone, Sr. acquired title to this property and his heirs or devisees conveyed it to the Pittston Area School District in June 1971. The School District thereupon conveyed the land to the State Public School Building Authority, apparently as a means of financing public school construction.

10. In 1971, the defendants constructed a public school facility at about the location of Bone's former automobile race track. In November 1971, the defend-

ants caused building contractors to deposit great quantities of earth and stone on the extension of Reynolds Street at the location of the north end of the wall between Reynolds and New Streets, effectively preventing continued access by vehicular traffic from Reynolds Street to New Street over the lane used as described by the plaintiffs and others since before 1947.

11. The plaintiff, James Tarrity, protested the obstruction of the extension of Reynolds Street on the same day it was accomplished. He and his counsel met with the School Board on several occasions, and received some early indication that the lane would be restored. Finally, however, the school authorities refused the plaintiffs' demand that the way be reopened on the ground that to do so would be too costly.

## DISCUSSION

The law is clear. Where one uses an easement whenever he chooses without leave of the owner of the land over which it passes, the use is adverse. If he continues such use without interruption for twenty-one years he acquires a title which cannot thereafter be disputed. Upon proof of such use, the landowner has the burden in defense of proving the use to have been under special contract with the user inconsistent with the user's claim of right. The defense is not made out by a mere showing that the use was without objection; it must be supported by proof of permission or license granted. *Loudenslager v. Mosteller*, 453 Pa. 115, 307 A. 2d 286 (1973); *Mather-Klock, Inc. v. Plymire*, 349 Pa. 194, 36 A. 2d 802 (1944); *Garrett v. Jackson*, 20 Pa. 331 (1853).

The Plaintiffs' proofs of their and indeed many other persons continued and notorious use of the Reynolds Street extension for periods exceeding twenty-one years were overwhelming. The Mayor of Hughestown from

1954 until 1974, described 50 years of continuous and uninterrupted use of Reynolds Street by the general public of Hughestown as a convenient route to Pittston. The plaintiff, James Tarrity, testified to his and his family's continuous, uninterrupted use of the easement from April 1947 when he and Mrs. Tarrity purchased the property, until November 1971 when, without notice, the defendants closed the extension.

The defendants' defense seems to be that use of Reynolds Street was with permission. Their meagre proofs tended only to show that such use was made without objection. Absence of objection is not permission. *Wampler v. Shenk*, 404 Pa. 395, 172 A. 2d 313 (1961). The defendants' witness, George Bone, Jr., testified as follows: "Q. One question: Mr. Bone, did you ever in your ownership of the land, or to the best of your recollection or knowledge, did your father attempt to prohibit or stop in any way an traffic on the Reynolds Street extended§ A. No, I don't believe so. I am quite sure he didn't. Q. Did you yourself permit traffic to go through? A. I would say if they wanted to risk it that was their business. Q. You never gave anybody any outright permission, did you? A. No."

The defendants offered into evidence at the trial the record of a 1919 trespass suit in the Luzerne Common Pleas Court between Michael Burke, the plaintiffs' predecessor, and The Pennsylvania Coal Company. We reserved ruling and now rule that the record was not admissible for lack of substantial identity of the parties and issues. Act of May 23, 1887, P. L. 158, §9, 28 P.S. §327. We have examined the proffered documents, however, and are unable to understand why the defendants believe them to be helpful to their cause. In issue was Burke's claim that the coal company had unlawfully obstructed Reynolds Street near its intersection with Parsonage, at a time long antedating the subsequent con-

struction by the coal company of the wall along the east side of Reynolds Street. This event was followed by at least two score years of continued use of Reynolds Street and its extension, and at least 24 years of such use by the Tarritys.

The plaintiffs, pursuant apparently to their claim for general relief, adduced proof of a dimunition of the value of their property by reason of the obstruction of their access to the north over the Reynolds Street extension and the impoundment of surface water in the street near their home. Since both of these complaints will be corrected upon compliance with our order, we refuse to order the payment of such money damages.

Since the Tarritys seek only to establish their own rights to the easement, we need not discuss or decide whether the proofs are sufficient to establish a prescriptive right in the public.

Finally, the defendants' contention that the plaintiffs are guilty of laches is wholly without merit.

## Conclusions of Law

1. The plaintiffs, the owners of 66 Reynolds Street, Hughestown, have acquired and enjoy an easement by prescription to pass over and through the lands of the defendant, State Public School Authority, occupied by the defendant Pittston Area School District, from Reynolds Street, where presently obstructed at a point about 300 feet north of the intersection of Reynolds and Parsonage Streets, in a northerly direction to the point where the Reynolds Street extension formerly converged with New Street.

2. The defendants have unlawfully obstructed and interfered with the plaintiffs' said easement.

3. The plaintiffs are entitled to equitable relief directing the removal of said obstruction and enjoining future interference with their right of easement over the defendants' lands.

## Decree Nisi

And Now, this 15th day of November, 1974, it is Ordered, Adjudged and Decreed that the defendants be and each of them hereby is directed to remove all and every obstruction to the use by the plaintiffs, the owners of premises Number 66 Reynolds Street, Hughestown, of an easement of way over lands of the defendant, State Public School Authority, occupied by the defendant Pittston Area School District, from Reynolds Street north to a point of convergence with New Street; and the defendants are, and each of them is, further directed to provide a practical roadway over their lands aforesaid, which roadway may deviate reasonably from the course of the extension of Reynolds Street as it existed prior to the defendants' obstruction thereof, in order that the expense of providing the relief here granted the plaintiffs shall be fully provided at reasonable cost to the defendant public bodies.

It is further Ordered that the defendants be and each hereby is enjoined and restrained from future interference with said easement of the plaintiffs.

Jurisdiction is retained pending provision of the relief herein ordered or until further order of this Court.

The Prothonotary is directed to enter this decree nisi and give notice thereof to all parties of record and their counsel forthwith. If no exceptions are filed thereto within twenty (20) days after notice of this decree, a final decree shall be entered as of course by the Prothonotary.