James Tarrity and Louise Tarrity, his wife, Plaintiffs, *v.* Pittston Area School District and State Public School Building Authority, Defendants.

Argued March 4, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, Jr., MENCER, ROGERS and BLATT.

*Lewis W. Wetzel,* with him *John C. Eichorn* and *Joseph J. Musto,* for plaintiffs.

*J. Earl Langan,* with him *James R. Clippinger,* for defendants.

PER CURIAM, March 27, 1975:

The plaintiffs in this equity suit complained of the obstruction placed by the defendants across a roadway, the right to the use of which the plaintiffs claim by prescriptive right. After trial, the chancellor concluded that the plaintiffs had acquired an easement to use the roadway, which the defendants had unlawfully obstructed and by decree nisi made November 15, 1974, directed the defendants to remove the obstruction, to provide a practical roadway for the plaintiffs' use and restrained future interference with the plaintiffs' easement.

The defendants have filed exceptions of a general nature to the operative findings and conclusions of the chancellor's adjudication which are now before us after argument.

The essential finding was that the plaintiffs, the owners of a residential premises at 66 Reynolds Street, Borough of Hughestown, Luzerne County since April 1947, did after that date continuously, openly, notoriously, adversely, and under a claim of right, use an extension of Reynolds Street as access to a road leading to the City of Pittston and that this use continued until the extension was obstructed by the defendants in November, 1971. The evidence supporting the plaintiffs' use of Reynolds Street extension during the period mentioned was not seriously contested. The defendants' principal defense was that the plaintiffs' use was with the permission of the defendants' predecessors in ownership of the land over which the extension passed, until obstructed by the defendants. The chancellor found, based on testimony of a prior owner that, while the plaintiffs' use was not objected to, it was not permissive.

The defendants, as mentioned, except generally to these central findings and additionally to findings concerning events long antedating the plaintiffs' acquisition of their residence on Reynolds Street. A review of the record on these exceptions demonstrates that all of the findings excepted to are supported by the evidence. The conclusions excepted to follow from the findings.

We therefore enter the following:

FINAL ORDER

And now, this 27th day of March, 1975, it is ordered that all of the defendants' exceptions to the findings, conclusions and decree nisi be and they are dismissed, and that the Prothonotary be and he hereby is directed to enter the decree nisi of November 5, 1974 as a final decree in this suit.