584 A.2d 357

**Frieda KAUFER and Irvin Kaufer and Carolyn Kaufer, His Wife, d/b/a Kaufer Brothers, a partnership, Appellants,**

**v.**

**John BECCARIS, Appellee.**

Superior Court of Pennsylvania.

Argued June 12, 1990.

Filed Jan. 4, 1991.

2

Robert Gawlas, Wilkes–Barre, for appellants.

Cynthia R. Vullo, Wilkes–Barre, for appellee.

Before WIEAND, DEL SOLE and MONTEMURO, JJ.

WIEAND, Judge:

John Beccaris has conducted a retail shoe business since 1946 on lots Nos. 1 to 5 South Main Street, Plains, Luzerne County, and has owned the real estate since 1956. On adjoining land at Nos. 7 to 11 Main Street, a retail hardware business, known as Kaufer Brothers, has been conducted since 1929. These lots were purchased in 1953 by Simon and Frieda Kaufer, husband and wife; and Frieda Kaufer,

following her husband's death, continues to be record owner of the land. The hardware business has been conducted by her son, Irvin, and his wife, Carolyn, since 1954 pursuant to a lease of the store premises. The testimony by Irvin Kaufer was that as long as he could remember, since at least 1940, trucks of all sizes have used the rear of the Becarris property for the purpose of making deliveries from Carey Avenue to the rear of the Kaufer store. The instant action was brought to enjoin interference with the continued use of a prescriptive easement for the purpose of making such deliveries.[1] The trial court found that the use of the servient tenement had been open, notorious, continuous and uninterrupted for more than twenty-one years but concluded that it had not been adverse and hostile. Therefore, the court denied the requested relief. The Kaufers appealed. They contend the trial court's refusal to grant relief was the result of an error of law.

This court's right of review, of course, is limited. In *Purdy v. Zaver*, 398 Pa.Super. 190, 580 A.2d 1127 (1990), the Court said:

"Appellate review of equity matters is limited to a determination of whether the chancellor committed an error of law or abused his discretion. The scope of review of a final decree in equity is limited and will not be disturbed unless it is unsupported by the evidence or demonstrably capricious." *Hostetter v. Hoover*, 378 Pa.Super. 1, 6–7, 547 A.2d 1247, 1250 (1988), *allocatur denied*, 523 Pa. 642, 565 A.2d 1167 (1989), quoting *Rosen v. Rittenhouse Towers*, 334 Pa.Super 124, 129, 482 A.2d 1113, 1116 (1984) (citations omitted). The test employed is not whether the appellate court would have reached the same result as the trial judge, who heard and saw the evidence, but whether a judicial mind, on due consideration of the evidence, could reasonably have reached the conclusion of the trial judge. See: *Yuhas v. Schmidt*, 434 Pa. 447, 454, 258

---

1. It was also contended that the easement was one of necessity, but our decision regarding the existence of an easement by prescription makes it unnecessary that we review the trial court's rejection of this additional contention.

A.2d 616, 619–620 (1969); *Masciantonio Will,* 392 Pa. 362, 367, 141 A.2d 362, 365 (1958). See also: 16 Std.Pa. Prac.2d § 91:155.

*Id.,* 398 Pa.Superior Ct. at 196–197, 580 A.2d at 1130–31. See also: *Waltimyer v. Smith,* 383 Pa.Super. 291, 556 A.2d 912 (1989); *Walley v. Iraca,* 360 Pa.Super. 436, 520 A.2d 886 (1987).

■ To establish an easement by prescription, the party asserting the right must show use that is adverse, open, notorious, continuous, and uninterrupted for a period of twenty-one (21) years. *Keefer v. Jones,* 467 Pa. 544, 359 A.2d 735 (1976); *Waltimyer v. Smith, supra; Burkett v. Smyder,* 369 Pa.Super. 519, 535 A.2d 671 (1988); *Walley v. Iraca, supra.* Cf. *Estojak v. Mazsa,* 522 Pa. 353, 562 A.2d 271 (1989). These elements must be proven by clear and positive evidence. *Farmers' Northern Market Co. v. Gallagher,* 392 Pa. 221, 139 A.2d 908 (1958); *Pittsburgh & Lake Erie R. Co. v. Township of Stowe,* 374 Pa. 54, 96 A.2d 892 (1953); *Burkett v. Smyder, supra; Walley v. Iraca, supra; Adshead v. Sprung,* 248 Pa.Super. 253, 375 A.2d 83 (1977).

The trial court determined that the Kaufers' use of the easement had been open and continuous and had spanned a period of more than twenty-one (21) years. Since both Kaufer and Beccaris agree that Kaufer's use of the easement was open, continuous, and uninterrupted, the evidence supports this finding, and it is unnecessary to discuss this aspect further. The trial court concluded, however, that the Kaufers had failed to sustain their burden of proving an easement by prescription because they failed to establish that their use was adverse to the rights of Beccaris. Instead, the court concluded that the Kaufers' use was by indulgence on the part of Beccaris and, therefore, consensual. This was legally incorrect and requires that we reverse.

There is no evidence that Kaufer ever requested or received permission from Beccaris to use Beccaris's land for the purpose of making deliveries to the rear of Kaufer's store. Kaufer testified that inasmuch as he had always received deliveries in this manner he believed he had an

easement across his neighbor's land. Beccaris testified that he did not give Kaufer express permission to cross his land but believed that his failure to object was the same as granting permission.

Proof of an open, notorious, continuous and uninterrupted use for the prescriptive period, without evidence to explain how it began, raises a presumption that it is adverse and under claim of right. See: *Loudenslager v. Mosteller,* 453 Pa. 115, 307 A.2d 286 (1973); *Margoline v. Holefelder,* 420 Pa. 544, 218 A.2d 227 (1966); *Shinn v. Rosenberger,* 347 Pa. 504, 32 A.2d 747 (1943); *Plitt v. Cox,* 43 Pa. 486 (1863); *Pierce v. Cloud,* 42 Pa. 102 (1862); *Steel v. Yocum,* 189 Pa.Super. 522, 151 A.2d 815 (1959); 12A P.L.E. Easements, § 61 (1985). Once this presumption is raised, the burden shifts to the owner of the servient tenement to show by affirmative proof that the use was by virtue of some license, indulgence, permission or agreement inconsistent with a claim of right by the other party. See: *Walley v. Iraca, supra.* Thus, in *Loudenslager v. Mosteller, supra,* the Supreme Court said:

> "[W]here one uses an easement whenever he sees fit, without asking leave, and without objection, it is adverse, and an uninterrupted adverse enjoyment for twenty-one years is a title which cannot be afterwards disputed. Such enjoyment, without evidence to explain how it began, is presumed to have been in pursuance of a full and unqualified grant. The owner of the land has the burden of proving that the use of the easement was under some license, indulgence, or special contract inconsistent with a claim of right by the other party."

*Id.,* 453 Pa. at 117, 307 A.2d at 287, quoting *Garrett v. Jackson,* 20 Pa. 331, 335–36 (1853). See also: *Stiegelman v. Pennsylvania Yacht Club, Inc.,* 432 Pa. 111, 246 A.2d 116 (1968); *Wampler v. Shenk,* 404 Pa. 395, 172 A.2d 313 (1961); *Mather–Klock, Inc. v. Plymire,* 349 Pa. 194, 36 A.2d 802 (1944); *Pierce v. Cloud, supra; Adshead v. Sprung, supra; DiVirgilio v. Ettore,* 188 Pa.Super. 526, 149 A.2d 153 (1959); *Klavon v. Tindall,* 180 Pa.Super. 408, 119 A.2d

554 (1956); *Brown v. McConnell,* 173 Pa.Super. 94, 93 A.2d 896 (1953); *Russel v. Woodbury,* 53 Pa.Super. 618 (1913); *Godino v. Kane,* 26 Pa.Super. 596 (1904); 12A P.L.E. Easements § 22 (1985).

■ Although it is clear that permissive use will not support an easement by prescription, it is equally clear that "[a]bsence of objection by the owner to use of the land is not equivalent to a grant of permission by him such as will preclude the acquisition of title to an easement by prescriptive use." 12A P.L.E. Easements § 23 (1985). See: *Orth v. Werkheiser,* 305 Pa.Super. 576, 451 A.2d 1026 (1982) (owner's assumption that use was permissive absent permission having been communicated to user was no permission at all); *Tarrity v. Pittston Area School Dist.,* 16 Pa.Cmwlth. 371, 328 A.2d 205 (1974) (absence of objection is not permission that will preclude acquisition of title to easement by reason of continuous and uninterrupted use for twenty-one years), final decree entered, 18 Pa.Cmwlth. 175, 335 A.2d 839 (1975). The owner of the servient tenement will not be permitted to sit back and silently watch as an open use continues and then, at the end of the prescriptive period, assert that it was permissive because he did not object. See: *Orth v. Werkheiser, supra.*

In the instant case, the Kaufers did not request and Beccaris did not grant permission to use the rear of his land, on which a parking lot was located, for purposes of achieving access to the rear of Kaufers' building. Beccaris merely failed to voice objection to the use of his land by trucks and others making deliveries to Kaufers' store. In Beccaris's view, "if I didn't stop [Kaufer], that indicates I give [Kaufer] permission." Unfortunately for Beccaris, the law is otherwise. Mere silence in the face of open, continuous and uninterrupted use by the owner of the dominant tenement is insufficient to change the adverse nature of such use to a permissive use.

■ By the year 1978, when Beccaris constructed an addition to the rear of his building, the Kaufers' prescriptive rights had already been perfected. The addition did not

prevent access to the rear of the Kaufers' store, but the delivery trucks merely crossed over a portion of the Beccaris lot further to the rear thereof. Between 1978 and 1982, trucks of all sizes continued to cross the Beccaris parking lot to make deliveries to Kaufer. It was only after the lot had been regraded to provide for improved drainage, that the larger trucks experienced difficulty and, on several occasions, damaged meters installed on Beccaris's property by Pennsylvania Power & Light Company. These incidents caused Beccaris to post "No truck" signs, which, of course, led to the instant litigation.

The deviation from the original route after Beccaris had constructed his addition did not defeat the prescriptive easement claimed by appellants. This easement had vested before the addition was constructed; and thereafter, both parties appear to have agreed to the new route. Cf. *Loudenslager v. Mosteller, supra* (prescriptive right not invalidated because of deviations from original route where such changes made by agreement and in apparent recognition of rights of person claiming such rights).

Appellants' prescriptive rights do not require that appellee's building or any part thereof be demolished. At most, it may be necessary to relocate several meters belonging to the Pennsylvania Power & Light Company. When this is done, trucks will be able to gain free access to the rear of appellants' store and there make necessary deliveries.

Reversed and remanded for the entry of an appropriate decree which preserves and protects the prescriptive rights of appellants to use appellee's land to gain access to the rear of appellants' store. Jurisdiction is not retained.