J-A34038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MOTT CEMETERY ASSOCIATION | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD KALINOWSKI | |
| Appellant | No. 707 MDA 2014 |

Appeal from the Judgment entered May 28, 2014
In the Court of Common Pleas of Bradford County
Civil Division at No: 2011 CV 0409

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                     **FILED MAY 27, 2015**

Mott Cemetery Association (MCA) owns a cemetery in Leroy Township, Bradford County.  Edward Kalinowski owns land that surrounds the cemetery.  The deed from Kalinowski's predecessor in interest to MCA (the 1917 Deed) allowed MCA to take up to two additional acres of the surrounding land for cemetery purposes.  In this case, the trial court granted relief to MCA, allowing it to enforce that provision and to enjoin Kalinowski from using its access right-of-way from the public road to the cemetery.  On appeal, Kalinowski contends the deed allowed MCA to take only one acre of his land, and that he has an easement over the access way leading from the public road to MCA's cemetery.  We affirm.

In 1917, Thomas and Mina Mott deeded one acre of their land to MCA for use as a cemetery.  At the time, the Motts owned the land surrounding

the cemetery.  At issue is a provision of the 1917 Deed from the Motts to the MCA, which provides as follows:

> The privilege is also granted by [the Motts] to the DIRECTORS OF THE [MCA] the right to take when they think necessary one Acre more of land and also the second acre when needed for [c]emetery purposes adjoining Cemetery plot as the Directors may so desire.  By paying One H[u]ndred Dollars for each acre of land taken to THOMAS Mott his heirs[,] assigns[,] executors[,] administrators[,] or whosoever should hold the title of the Land adjoining the above mention[ed] Cemetery plot. The [Motts] give[] and grant[] unto [MCA] the right to build and maintain a suitable road leading from [the] main road to the Cemetery[.] The [Motts] reserve[] the right to use said road at any and all times[.]

1917 Deed.

Thomas and Mina Mott's ancestors began to bury family members in the cemetery in the 1850s.  Currently, the cemetery is a one-acre, rectangular parcel surrounded by Kalinowski's 40-acre parcel.  Kalinowski's parcel was part of Thomas and Mina Mott's land not deeded to MCA in 1917. At some time in the 1950s or 60s, the Mott family sold the enclosing plot to unrelated buyers.  Not all of the deeds showing subsequent transfers are of record, but the parties stipulated that Kalinowski is Thomas and Mina Mott's successor in interest to the enclosing parcel of land.

The chain of title has carried down the existence of the access way, and Kalinowski's deed includes the following clause:

> EXCEPTING AND RESERVING, however, from the herein described premises, all that certain lot, piece or parcel of land known and described as "Mott Cemetery", together with a right-of-way over the State Highway, bounding the hereinbefore described premises on the south.  Said right-of-way to be used

> for the purpose of gaining ingress, egress, and regress in and to said cemetery by all means of locomotion as to continue as it presently exists.

Peppers to Kalinowski Deed, 9/12/2005. The access way extends from the southern end of the cemetery over Kalinowski's land to a state route known as Southside Road. The 1917 Deed does not describe the right-of-way's dimensions. According to the survey entered into evidence at trial, it is 465' long. The access way is a slightly improved cart path through a hay field. It divides in two Kalinowski's property on the south side of the cemetery. Kalinowski and his tenant farmers travel over the access way to reach his field, and in the past their machinery has damaged parts of the roadway. Kalinowski never asked permission to use the access way, because he thought he had the right to do so. One of Kalinowski's predecessors in interest, Larry Jennings, was a close friend of the Mott family. He also never asked permission to use the access way.

Seeking to purchase the two additional acres, MCA tendered $200.00 to Kalinowski, who refused to sell. MCA then sued, seeking specific performance of the 1917 Deed. MCA further sought to enjoin Kalinowski from using the access way. Kalinowski answered and counterclaimed. In relevant part, he argued MCA could take only one acre and that he had the right to use the access way. Following a non-jury trial, the trial court entered judgment in favor of MCA. It ordered the conveyance of the two

acres and enjoined Kalinowski from using the access way. After the trial court denied Kalinowski's post-trial motion, this appeal followed.[1]

Kalinowski presents two issues for our review:

1. Whether the lower court erred in determining that the language of the deed in question gave [MCA] the right to take two (2) acres of [Kalinowski's] property without the necessity of demonstrating the need for the second acre.

2. Whether the lower court erred in failing to find [Kalinwoski] acquired an easement by prescription.

Appellant's Brief at 4.

On review of cases arising from a trial court's decision made after a non-jury trial, we must "determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law." **Stephen v. Waldron Elec. Heating & Cooling, LLC**, 100 A.3d 660, 664-65 (Pa. Super. 2014). We accord the trial court's factual findings the same weight as a jury verdict, meaning that we may reject them only if unsupported by competent evidence. **Id.** In contrast, we review *de novo* the trial court's legal conclusions. **Id.**

Both assignments of error require us to construe the 1917 Deed. When construing a deed,

---

[1] Kalinowski improperly appealed from the denial of post-trial motions, a non-appealable, interlocutory order. **See Prime Medica Assocs. v. Valley Forge Ins. Co.**, 970 A.2d 1149, 1154 n.6 (Pa. Super. 2009). We ordered him to praecipe for entry of judgment, which he did, thus perfecting our jurisdiction. **See** Pa.R.A.P. 905(a).

a court's primary object must be to ascertain and effectuate what the parties themselves intended. The traditional rules of construction to determine that intention involve the following principles. First, the nature and quantity of the interest conveyed must be ascertained from the deed itself and cannot be orally shown in the absence of fraud, accident or mistake. We seek to ascertain not what the parties may have intended by the language but what is the meaning of the words they used. Effect must be given to all the language of the instrument, and no part shall be rejected if it can be given a meaning. If a doubt arises concerning the interpretation of the instrument, it will be resolved against the party who prepared it . . . . To ascertain the intention of the parties, the language of a deed should be interpreted in the light of the subject matter, the apparent object or purpose of the parties and the conditions existing when it was executed.

*Pa. Servs. Corp. v. Tex. E. Transmission, LP*, 98 A.3d 624, 630 (Pa. Super. 2014) (quoting *Consolidation Coal Co. v. White*, 875 A.2d 318, 326 (Pa. Super. 2005)). Whether a deed is ambiguous is a question of law for the court. *Pa. Elec. Co. v. Waltman*, 670 A.2d 1165, 1169 (Pa. Super. 1995). Furthermore, in interpreting an unambiguous deed, a court is limited to the deed itself, and cannot consider parol evidence. *Id.*

Kalinowski concedes he must transfer one acre to MCA, based on the 1917 Deed language allowing MCA to take one acre "when it may so desire." He argues that MCA must show that it needs the second acre for the cemetery before MCA can take it from him. Pointing to available cemetery plots, he argues MCA cannot meet that standard. We disagree with Kalinowski's construction of the 1917 Deed.

Kalinowski's focus in reading the relevant clause is too narrow. He does not consider the clause in context. The operative language is "The

privilege is also granted by [the Motts] to the DIRECTORS OF THE [MCA] the right to take **when they think necessary** one acre more of land and also the second acre when needed for Cemetery purposes adjoining Cemetery plot **as the Directors may so desire**." 1917 Deed (emphases added). In context, the plain, unambiguous meaning of this clause gives MCA a right to take up to two additional acres. The only limitation on that right is that it must be "for cemetery purposes." No party disputes that MCA, which exists only to oversee the cemetery, will use the additional land to expand the cemetery and build a parking lot. Nothing in the 1917 Deed requires, as Kalinowski argues, MCA to demonstrate that it needs the second acre because the existing cemetery is full. Rather, MCA is unambiguously granted the right, when its directors so desire and when they think necessary, to acquire up to two additional acres for use by MCA. The trial court correctly found that, as a matter of law, the above-quoted provision of the 1917 Deed is unambiguous.

We next address Kalinowski's second argument, that he has a prescriptive easement to travel over the right-of-way. We are constrained to find that Kalinowski has waived this argument for lack of development.

"A prescriptive easement is created by (1) adverse, (2) open, (3) notorious, (4) continuous and uninterrupted use for a period of twenty-one (21) years." **Walley v. Iraca**, 520 A.2d 886, 889 (Pa. Super. 1987). Moreover, the party asserting the easement must demonstrate "clear and positive" proof. **Id.** Permissive use defeats a claim of a prescriptive

- 6 -

easement. ***Morning Call, Inc. v. Bell Atl.-Pa., Inc.***, 761 A.2d 139, 143 (Pa. Super. 2000). However, absence of objection by the landowner is not equivalent to a grant of permission precluding acquisition of title to an easement by prescription. ***Kaufer v. Beccaris***, 584 A.2d 357, 359 (Pa. Super. 1991).

An appellant must provide legal authority to support his or her claims. Pa.R.A.P. 2119(a) and (b). "'The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority.' Failure to do so constitutes waiver of the claim." ***Giant Food Stores, LLC v. THF Silver Spring Dev., L.P.***, 959 A.2d 438, 444 (Pa. Super. 2008) (quoting ***Estate of Haiko v. McGinley***, 799 A.2d 155, 161 (Pa. Super. 2002) (citing Pa.R.A.P. 2119(b)).

Kalinowski did not set forth the test for creation of a prescriptive easement or explain how he meets it. Indeed, he cites no pertinent authority in support of his argument. Instead, he advances only the irrelevant claim that the provision concerning the access way in the 1917 Deed is an exception running with the land, and not a reservation personal to Thomas and Mina Mott. This argument is puzzling, because it is self-defeating. If Kalinowski is correct that the 1917 Deed contains an exception granting him the right to use the access way, his use is under color of title,

*i.e.*, not adverse. Use under legal right cannot be prescriptive.[2] **See Flannery v. Stump**, 786 A.2d 255, 260 (Pa. Super. 2001) (holding tenant farmer's use of land was not adverse during the period of the tenancy).

We have thoroughly reviewed the parties' briefs and the record, and Kalinowski's assignments of error do not entitle him to relief. Accordingly, we affirm the trial court's judgment.

Judgment affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2015

_____

[2] We will not address Kalinowski's exception/reservation argument, which he did not include as a separate question presented in his brief or in his concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b)(4); 2116, 2119.

Additionally, upon our review of Kalinowski's prescriptive easement claim, it is unclear who owns the land over which the access way runs. The terms of the 1917 Deed appear to grant MCA an **easement** over the Mott's remaining lands now owned by Kalinowski. Thus, on the record before the Court, it appears that Kalinowski **owns** the land under the access way. However, this claim was not raised in the trial court and it has not been raised on appeal. Therefore, we express no opinion as to the ultimate merits of such an argument.