J-S34025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SCOTT D. GUISER, DENNIS H. ZEIDERS AND DIANE E. ZEIDERS, JEFFREY A. BIDDLE, GEORGE B. BIDDLE, BROOKS E. ARNOLD AND SHARON J. ARNOLD | : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | No. 94 MDA 2021 |
| MATTHEW S. SIEBER AND SUSAN L. SIEBER | : : : | |
| Appellants | : | |

Appeal from the Judgment Entered December 31, 2020
In the Court of Common Pleas of Juniata County Civil Division at No(s):
2013-00316

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:              **FILED OCTOBER 13, 2022**

Appellants Matthew S. Sieber and Susan L. Sieber (collectively, "the Siebers") appeal from the judgment entered against them and in favor of Appellees Scott D. Guiser, Dennis H. Zeiders, Diane E. Zeiders, George B. Biddle, Jeffrey A. Biddle, Brooks E. Arnold, and Sharon J. Arnold (collectively, "Appellees") in this property dispute. The parties are neighboring property owners. The Siebers contend that the trial court erred in finding Appellees had a right to use a road that crossed the Siebers' properties, that Appellees were entitled to an injunction preventing the Siebers from blocking the road, and that a 21-acre tract belonged to Guiser. We affirm.

The trial court accurately summarized the facts as follows:

At issue in this case is the [Appellees'] use of Woods Road, a private roadway that crosses [the Siebers'] properties and is used by [Appellees] to access their properties. [Appellants], Matthew and Susan Sieber, own six parcels of mountainous property in Juniata County which are at issue in this case. Woods Road travels through these six parcels. Defense Exhibit 21, April 28, 2017; Notes of Testimony [Trial], April 28, 2017[,] at 101. The Siebers' parcels are not contiguous. Defense Exhibit 21. [Appellees'] properties all lie to the west of [the Siebers'] westernmost property. *Id.* The [Siebers] were at all times aware that the [Appellees] utilized Woods Road to access their property. N.T. at 113.

The [Siebers] also use Woods Road to access their parcels. *Id.* at 101. [The Siebers'] parcels consist of the following:

1. Parcel number 9-13-372 was purchased by the by the [Siebers] in 2000 and is approximately 26 acres. There are no improvements to the property. [*Id.*] at 104.

2. Parcel number 9-13-46 was purchased by the [Siebers] in 2003 and is approximately 4 acres. There are no improvements to the property. *Id.* at 104-105.

3. Parcel number 9-9-22 was purchased by the [Siebers] in 1999 and is approximately 93 acres. It is improved with a cabin. *Id.* at 105.

4. Parcel number 1-10-10 was purchased by the [Siebers] in 2015 and is approximately 200 acres. It is improved with a small shack/cabin. *Id.* at 106.

5. Parcel number 1-10-9 was purchased by the [Siebers] in 2010 and is approximately 140 acres. It is improved with a cabin. *Id.* at 107.

6. Parcel number 1-10-2 was purchased by the [Siebers] in 2002 and is approximately 50 acres. There are no improvements to the property. *Id.* at 108.

[Appellee], Scott Guiser, acquired his property in 1985 when it was given to him by his father. *Id.* at 16. Guiser's father had purchased the property in 1973 as a 183-acre parcel with a cabin erected thereon. *Id.* at 16-17. The elder Guiser improved the property by erecting an additional cabin on the property, and

subsequently adding onto the cabin in the early 1980s. *Id.* at 17. The cabin was built by [Appellee] Brooks Arnold in exchange for 10 acres of land. *Id.* In addition, Guiser's father had his parcel logged in 1983, with the timber exiting the property via Woods Road. *Id.* at 18. After the property was logged, Guiser accessed his property via Woods Road. *Id.* at 20. There is no other way to access the property via pickup truck other than Woods Road. *Id.* at 21.

Guiser's access to the property via Woods Road continued uninterrupted until 2011 or 2012. In 2011, Guiser was informed by [Appellant], Matthew Sieber, that he did not have a right-of-way. *Id.* at 24. Thereafter, the Siebers' counsel sent a no trespass letter to Guiser on June 21, 2012. *Id.* at 24-25.

The Siebers were, however, aware of Guiser's use of Woods Road prior to 2011. *Id.* at 31, 113. Matthew Sieber had seen Guiser at some of the other [Appellees'] cabins, had been to Guiser's cabin, and had at one point requested that Guiser contribute funds toward road maintenance. *Id.* at 31, 35-36.

[Appellees] Jeffrey and George Biddle purchased their property in 1972 along with their father. *Id.* at 47. George Biddle testified that, over the years, ninety-nine percent of the access to their property has been via Woods Road. *Id.* On occasion, another route was taken, however, this route is no longer passable via pickup. *Id.* at 47, 50. The Biddles also have a cabin on their property, and had logging operations conducted on their property with the timber exiting via Woods Road. *Id.* at 57.

[Appellees] Dennis and Diane Zeiders purchased their property from Guiser via a sales agreement in 1999, with a deed being recorded in 2002. *Id.* at 78-79. As with the other [Appellees], the Zeiders used Woods Road to access their property continuously until receiving a June 21, 2012 no trespass letter. *Id.* at 80. Matthew Sieber was aware that the Zeiders used Woods Road, as he had been to the Zeiders' cabin many times. *Id.* at 80-81. Dennis Zeiders testified that Sieber improved the Siebers' properties via several cabins and stone crushing operations. *Id.* at 85.

[Appellees] Brooks and Sharon Arnold obtained their original parcel in 1981, and added additional parcels throughout the years. *Id.* at 92-94. The Arnolds have a cabin erected on their property which they use for hunting and recreation. *Id.* at 92. The Arnolds acquired their original parcel when Brooks Arnold built a cabin for

Glenn Sieber, Matthew Sieber's father, in exchange for 10 acres. *Id.* at 94.[1] An additional 4.3 acres was purchased from [Scott] Guiser, and approximately 30 acres were purchased from Paul Lyter. *Id.* at 92, 94. The Arnolds timbered their property in 1983, with the logs exiting via Woods Road. *Id.* at [94-95]. Like the other [Appellees], the Arnolds used Woods Road to access their property via pickup truck. *Id.* at 93. Each of the [Appellees] offered testimony that they used Woods Road to access their properties with some regularity.

Final Memorandum Pursuant to Pa.R.A.P. 1925(a) ("Final Rule 1925(a) Op."), filed May 31, 2022, at 3-5 (footnote omitted).

Appellees filed a complaint against Sieber in 2013 seeking access to Woods Road and asserted claims of, *inter alia*, prescriptive easement, equitable servitude, and irrevocable license. Appellees amended their complaint in 2016 stating an additional claim by Guiser to quiet title as to 21 acres of land that the Siebers were allegedly encroaching on. Following a bench trial, the court found in favor of Appellees and against the Siebers. In its ruling, the court adopted Appellees' Proposed Finding of Facts and Conclusions of Law "in full" and granted Appellees the right to access Woods Road under the theories of prescriptive easement, equitable servitude, and irrevocable license. Order, filed 4/2/19, at 1-2. It also granted an injunction preventing the Siebers from denying the use of Woods Road to Appellees. *Id.* at 1. The court further quieted title in the 21 acres of land in favor of Guiser. *Id.*

---

[1] The trial court incorrectly stated that the Arnolds acquired their property from Matthew Sieber's father. The record instead reveals that the Arnolds bought the land from Scott Guiser's father, Glenn Guiser. *See* N.T. Trial, 4/28/17, at 94. This minor error does not alter our decision in this matter.

- 4 -

On April 12, 2019, the Siebers filed a post-trial motion. On April 29, 2019, before the trial court had an opportunity to rule on the post-trial motion, the Siebers filed a notice of appeal. On appeal, a panel of this Court quashed in part, vacated in part, and remanded the case. *See Guiser v. Sieber*, 237 A.3d 496, 498 (Pa.Super. 2020). We quashed the aspect of the appeal pertaining to Guiser's quiet title claim and we remanded for the trial court to determine the jurisdictional issue of whether any municipality was an indispensable party and whether Woods Road was a public or private road. *Id.* at 502, 507-08. Accordingly, we ordered that the injunctive relief be vacated. *Id.* at 508.

On remand, the trial court determined that Woods Road was a private road and there were no other indispensable parties. Order, filed 12/22/20, at 1. The court also reinstated its earlier rulings, namely that Appellees had a prescriptive easement over and along Woods Road, an equitable servitude existed in favor of Appellees, and Appellees acquired irrevocable licenses to use Woods Road. *Id.* The court also granted an injunction in favor of Appellees barring the Siebers from denying Appellees the use of Woods Road. *Id.* at 2.

The Siebers filed a second appeal. Because the trial court's decision did not provide specific citations to the record for the evidence on which it relied, we remanded for the issuance of a Rule 1925(a) opinion responsive to the issues raised, with specific factual findings and citations to the record. *See Guiser v. Sieber*, No. 94 MDA 2021, 2022 WL 500586, at *3 (Pa.Super. filed Feb. 18, 2022) (unpublished memorandum).

On remand, the trial court complied with this Court's directive and the Honorable Andrew J. Bender issued an opinion on May 31, 2022. Judge Bender noted that he had not presided over the bench trial because the trial judge, the Honorable Kathy A. Morrow, had retired prior to the filing of this Court's remand decision. Final Rule 1925(a) Op. at 1. He stated that he had reviewed the entire record and found that since Judge Morrow stated in her Rule 1925(a) opinion filed on August 1, 2019, that the evidence presented by Appellees was more credible that the evidence presented by the Siebers, he "must assume that the trial judge accepted as true the testimony and evidence presented by [Appellees] which would support the quieting of title in favor of [Appellee] Guiser, granting of an injunction, and findings of a prescriptive easement, equitable servitude, and irrevocable license." *Id.* at 1-2.

The Siebers raise the following issues for our review:

1. Did the lower court erroneously rule that [Appellees] had an entitlement to access over a logging road through unenclosed mountain woodlands including five of Siebers' mountain properties when: (1) a prescriptive easement is not possible as the logging road goes through unenclosed woodlands that [Appellees] used with permission until June 21, 2012 after which they formally sought a deed of easement in the fall of 2012; (2) the covenant involving the Siebers' parcel no. 9-13-37 is unreasonably vague and did not affect their other four mountain parcels; (3) no evidence supported a claim of an irrevocable license to use the logging road; and, (4) [Appellees] failed to introduce an adequate description of the proposed easement?

2. Did the lower court err in entering judgment for Guiser on his quiet title claim when the decision was not supported by any competent evidence?

3. Did the lower court erroneously grant an injunction?

The Siebers' Br. at 6-7 (renumbered).

> Our standard of review in a non-jury trial is well established:
>
> We must determine whether the findings of the trial court are supported by competent evidence and whether the trial judge committed error in the application of law. Additionally, findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed absent error of law or abuse of discretion.

*Davis ex rel. Davis v. Gov't Employees Ins. Co.*, 775 A.2d 871, 873 (Pa.Super. 2001) (citations omitted). Our scope of review of questions of law is plenary. *Century Indem. Co. v. OneBeacon Ins. Co.*, 173 A.3d 784, 802 (Pa.Super. 2017) (citations omitted).

The Siebers first argue that the court erred by finding that Appellees had obtained a prescriptive easement over Woods Road. The Siebers' Br. at 17. The Siebers contend that a prescriptive easement was not possible for two reasons. First, Appellees' prior use of Woods Road was with permission and was not adverse. *Id.* at 17, 35-36. Second, Woods Road goes through unenclosed woodlands and under Pennsylvania law, a prescriptive easement cannot be acquired through unenclosed woodlands. *Id.* at 17, 33-34.

"A prescriptive easement is created by (1) adverse, (2) open, (3) notorious, (4) continuous and uninterrupted use for a period of twenty-one (21) years." *Thomas A. Robinson Family Ltd. P'ship v. Bioni*, 178 A.3d 839, 849 (Pa.Super. 2017) (quoting *Vill. of Four Seasons Ass'n, Inc. v. Elk Mountain Ski Resort, Inc.*, 103 A.3d 814, 822 (Pa.Super. 2014)). "If use is

permissive a prescriptive easement cannot arise, no matter how long the use continues[.]" ***Morning Call, Inc. v. Bell Atlantic-Pa., Inc.***, 761 A.2d 139, 143 (Pa.Super. 2000). However, at least for purposes of prescriptive easements, the landowner's failure to object is not equivalent to a grant of permission. ***Kaufer v. Beccaris***, 584 A.2d 357, 359 (Pa.Super. 1991).

In the court's March 25, 2019 order, Judge Morrow found that Appellees had a prescriptive easement, equitable servitude rights, and an irrevocable license. However, in her Rule 1925(a) opinion filed on August 1, 2019, Judge Morrow indicated "that either a prescriptive easement existed, irrevocable license **or** equitable servitude." Rule 1925(a) Opinion, filed 8/1/19, at 2 (emphasis added). In the court's final opinion, Judge Bender concluded that Judge Morrow "intended to find either a prescriptive easement, irrevocable license, or equitable servitude." Final Rule 1925(a) Op., at 2 n.1.

Judge Bender suggested that a finding of an irrevocable license was the proper remedy. ***Id.*** at 10. We disagree and find that a prescriptive easement existed.[2]

The parties do not dispute that Appellees' use of Wood Road was open, notorious, continuous, and uninterrupted for more than 21 years. The

_____

[2] We may affirm a trial court's order on any basis apparent from the record. ***See Alco Parking Corp. v. Pub. Parking Auth. of Pittsburgh***, 706 A.2d 343, 349 (Pa.Super. 1998) ("The order of a trial court may be affirmed on appeal if it is correct on any legal ground or theory, regardless of the reason or theory adopted by the trial court") (citations omitted). Since we find that Appellees have acquired a prescriptive easement over Woods Road, we need not address whether an equitable servitude or irrevocable license existed.

remaining element needed to establish the existence of a prescriptive easement is whether Appellees' use of Woods Road was adverse. According to the Siebers, Appellees' use of Woods Road was not adverse because the Siebers granted them permission to use it.

"Proof of an open, notorious, continuous and uninterrupted use for the prescriptive period, without evidence to explain how it began, raises a presumption that it is adverse and under claim of right." **Kaufer**, 584 A.2d at 359. Once this presumption arises, "the burden shifts to the owner of the servient tenement to show by affirmative proof that the use was by virtue of some license, indulgence, permission or agreement inconsistent with a claim of right by the other party." **Id.**

Here, Appellees established an open, notorious, continued, and uninterrupted use for the prescriptive period, without evidence of how the use began. Therefore, Appellees are entitled to a presumption that the use was adverse. The burden thus shifted to the Siebers to prove that Appellees had their permission to use Woods Road.

The Siebers failed to carry that burden. They provided no evidence that Appellees ever requested or received permission from them to use Woods Road. In fact, Matthew Sieber testified that none of the Appellees ever expressly asked him to use Wood Roads, nor did he tell them that they had permission or were prohibited from using Woods Road. N.T. Prelim. Injunc., 10/31/13, at 97, 105-06. Further, four of the Appellees – Scott Guiser, George Biddle, Dennis Zeiders, and Sharon Arnold – testified that the Siebers never

prohibited them from using Woods Road, despite the Siebers being aware of Appellees' use of the road. N.T. Trial, 4/28/17, at 31, 57-58, 80, 83, and 95.

This case presents facts akin to those in **Kaufer**. There, in finding that the appellants had established a prescriptive easement, we noted that there was no evidence that the appellants had ever requested permission from the landowner to use the rear of his land. Nor was there evidence that the landowner had given them permission to use it. 584 A.2d at 359-60. We found that the landowner merely failed to voice an objection to appellants' use of his land and explained that his failure to object did not equate to a grant of permission. **Id.** at 360. We stated, "Mere silence in the face of open, continuous and uninterrupted use by the owner of the dominant tenement is insufficient to change the adverse nature of such use to a permissive use." **Id.**

Similarly, here, although the Siebers were aware of Appellees' use of Woods Road, they did not make any objection until 2011. Their failure to object is not equivalent to a grant of permission. Therefore, the presumption of adversity remains unrebutted. Judge Morrow properly found a prescriptive easement was established.

The Siebers next contend that Appellees could not acquire a prescriptive easement over Woods Road because such an easement is precluded by the Unenclosed Woodlands Act. In 1850, the General Assembly carved out an exception to the general rules that that govern prescriptive easements by forbidding the acquisition of prescriptive easements through unenclosed woodlands. The Unenclosed Woodlands Act states:

No right of way shall be hereafter acquired by user, where such way passes through un[e]nclosed woodland; but on clearing such woodland, the owner or owners thereof shall be at liberty to enclose the same, as if no such way had been used through the same before such clearing or enclosure.

68 P.S. § 411.

The statute's "purpose [is] to protect woodland property owners against unknown and undesired encroachment upon their property rights[.]" **Tomlinson v. Jones**, 557 A.2d 1103, 1106 (Pa.Super. 1989). For purposes of this statute, a "woodland" is "an area of land that trees and bushy undergrowth cover, synonymous with a forest." **Williams v. Taylor**, 188 A.3d 447, 454 (Pa.Super. 2018) (internal quotation marks omitted). "It is the character of the land itself which is determinative of the application of the [Unenclosed Woodlands Act]." **Sprankle v. Burns**, 675 A.2d 1287, 1289 (Pa.Super. 1996).

Here, the trial court found the Unenclosed Woodlands Act inapplicable because the property was not woodlands. Significantly, a site view of the property occurred on April 27, 2017, at which the trial judge was present and observed evidence of timbering, clearings for log landings, and the Siebers' "mining/stone crushing business with all of the requisite equipment." Rule 1925(a) Op., filed 8/1/19, at 3. Based on the site view and the testimony, the court found that the property was not woodlands. **See id.**

This finding is supported by the record. The evidence demonstrated that the Siebers were fully aware that the roadway was used by Appellees to gain

- 11 -

access to their properties. N.T. Trial, 4/28/17, at 31, 80, 83, 113. Further, the trial judge was able to view the property and observe the composition of the land. We discern no abuse of discretion by the trial court in concluding that the Unenclosed Woodlands Act did not prohibit Appellees' acquisition of a prescriptive easement over Woods Road.

The Siebers next argue that the trial court erred in entering judgment in favor of Guiser on his quiet title claim as to a 21-acre tract of land. The Siebers argue that material flaws in Guiser's expert's survey of the land rendered it "not credible evidence." The Siebers' Br. at 40. Appellees respond that the Siebers' argument goes to credibility and ignores the expert's testimony and supporting documents, as well as the testimony of other witnesses, including Matthew Sieber.

Guiser's expert surveyor, George Campbell, testified via videotaped deposition[3] that in conducting a survey of the land, he found that the property lines between the Siebers' and Guiser's properties were incorrect due to prior erroneous surveys done on the land and that Guiser was entitled to 21.9 acres of property. Campbell Dep., 5/4/17, at 16, 20, 36, 50-51, 67-68. Campbell stated that he believed to a reasonable degree of professional certainty that the Siebers never owned the 21-acre tract at issue based on Siebers' "230 acres from the original purchase out of the warrant." *Id.* at 51, 55. The Siebers

---

[3] This recording was admitted into evidence during the trial.

presented their own experts, title searcher Charles Fogarty and surveyor Charles Cook, who disagreed with Campbell's assessment.

The trial court found Campbell's testimony to be credible and quieted title to the property in favor of Guiser. **See** Rule 1925(a) Op., filed 8/1/19, at 2. The court evidently credited Campbell's testimony over Fogarty and Cook's testimony. We will not disturb a trial judge's credibility determinations. **See Williams**, 188 A.3d at 450.

The Siebers' final issue is that the trial court erroneously granted an injunction barring them from denying Appellees access to Woods Road. The Siebers devote one sentence in their brief in addressing this issue, stating that "[b]ecause [Appellees] have no legal right to use the logging road to cross the Siebers' five mountain properties, the injunction was erroneously entered and[] should be vacated." The Siebers' Br. at 74 (footnote omitted).

The Siebers' argument is undeveloped and the issue is therefore waived. The argument section of an appellate brief must include a "discussion and citation to authorities as are deemed pertinent." Pa.R.A.P. 2119(a). The failure to follow these instructions constitutes waiver. **See Davis v. Borough of Montrose**, 194 A.3d 597, 610-11 (Pa.Super. 2018); **see also Norman for Estate of Shearlds v. Temple Univ. Health Sys.**, 208 A.3d 1115, 1119 (Pa.Super. 2019) (holding claims waived "because they are undeveloped and lack citation to pertinent legal authority"); **McCabe v. Marywood Univ.**, 166 A.3d 1257, 1264 (Pa.Super. 2017) (finding issue waived where the appellant's

"argument consists of one paragraph with no citation to authority or developed analysis").

Even if the issue were not waived, it is without merit. We review an order granting or denying a permanent injunction to determine whether the lower court committed an error of law. Our standard of review for a question of law is *de novo*. **Buffalo Twp. v. Jones**, 813 A.2d 659, 664 n.4 (Pa. 2002). Our scope of review is plenary. **Id**. "[W]e must accept the trial court's factual findings and give them the weight of a jury verdict where they are supported by competent evidence." **Liberty Place Retail Assocs., L.P. v. Israelite Sch. of Univ. Practical Knowledge**, 102 A.3d 501, 506 (Pa.Super. 2014).

To be entitled to a permanent injunction, the party seeking relief must establish that the right to relief is clear, an injunction is necessary to avoid an injury that cannot be compensated by damages, and greater injury will result from refusing the injunction rather than granting it. **See Kuznik v. Westmoreland County Bd. of Com'rs**, 902 A.2d 476, 489 (Pa. 2006). "Unlike a preliminary injunction, a permanent injunction does not require proof of immediate irreparable harm." **Liberty Place Retail Assocs., L.P.**, 102 A.3d at 506.

The court found that the Siebers improperly blocked Appellees from using Woods Road and that there were no other ways for Appellees to access their properties via vehicles besides by four-wheelers/ATVs. **See** N.T. Trial, 4/28/17, at 20-21, 50, 76, 82, 89. The court therefore found that Appellees

were entitled to an injunction. The record supports this finding and we detect no legal error in determining that Appellees were entitled to relief.

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/13/2022