2019 PA Super 127

| | |
|---|---|
| AFFORDABLE OUTDOOR, LLC, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TRI-OUTDOOR, INC., | |
| Appellant | No. 2388 EDA 2018 |

Appeal from the Judgment Entered July 23, 2018
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): CV-2017-C-3724

BEFORE:  BENDER, P.J.E., OTT, J., and FORD ELLIOTT, P.J.E.

OPINION BY BENDER, P.J.E.:                    **FILED APRIL 24, 2019**

Appellant, Tri-Outdoor, Inc., appeals from the July 23, 2018 judgment entered in favor of Appellee, Affordable Outdoor, LLC.  We affirm.

This case arises out of a dispute over an advertising billboard between two parties in the billboard business.  On October 4, 2017, Affordable Outdoor purchased property located at 4952 PA Route 378, Upper Saucon Township, Pennsylvania (referred to herein as "the Property"), at a Judicial Tax Claim Bureau sale for $30,150.38.  At the time of the sale, Glenmore M. Matz owned the Property.[1]  Two billboards are located on the Property, the larger of which forms the basis of this litigation (referred to herein as "the Billboard").  Upon purchasing the Property, Affordable Outdoor believed that it had also

_____

[1] Based on our review of the record, Glenmore M. Matz does not appear to be affiliated with either Appellant or Affordable Outdoor.

purchased the billboards thereon. However, Appellant had been advertising on the Billboard and claimed to own it.

On November 30, 2017, Affordable Outdoor filed a complaint against Appellant. Its complaint contained two counts: unjust enrichment (Count I) and a demand for equitable relief (Count II). Specifically, in Count II, Affordable Outdoor sought an order enjoining Appellant from entering upon its real estate and prohibiting Appellant from altering, destroying, or removing the Billboard located on the real estate.[2] In Count II, Affordable Outdoor also requested an order ruling that it is the lawful owner of the Billboard, and an order requiring Appellant to provide an accounting of all income generated from its use of the Property since October 5, 2017 (the day after Affordable Outdoor's purchase of the Property). In response, on January 3, 2018, Appellant filed an answer, new matter, and counterclaim to Affordable Outdoor's complaint. In this filing, Appellant raised multiple counterclaims against Affordable Outdoor, seeking declaratory relief, a prescriptive easement, and a judgment against Affordable Outdoor for tortious interference with contractual relations.

---

[2] In Affordable Outdoor's complaint, it alleged that Appellant has "threatened or implied that it intends to destroy or remove [the B]illboard. The [B]illboard is allowed on [Affordable Outdoor's] property because it was placed there prior to the enactment of the U.S.T. Zoning Ordinance and PennDOT classification." Complaint, 11/30/2017, at ¶¶ 20-21 (emphasis in original). Thus, it explained that "[s]hould [Appellant] remove or destroy [the B]illboard it is [Affordable Outdoor's] understanding that [it] would not be able to re-erect or repair the [B]illboard as it is 'grandfathered' in under the prior PennDOT regulations and [z]oning provisions." *Id.* at ¶ 22.

On February 13, 2018, this case proceeded to a non-jury trial. The trial court found that Affordable Outdoor presented no evidence of unjust enrichment at trial, as Appellant had not been receiving any rent from the Billboard during the relevant time period. With regard to Affordable Outdoor's demand for equitable relief, the trial court reasoned that "[t]he tax sale was a judicial sale so, when [Affordable Outdoor] purchased the Property at that sale, it took an absolute title to the Property free and clear of any claims and estates of any kind." Trial Court Opinion (TCO), 3/9/2018, at 4. Additionally, it explained that "the evidence indicates that the Billboard is cemented at least three … feet into the ground. Chattels that are annexed to realty in such a manner that they cannot be removed without materially damaging either the realty or the chattels are always fixtures." *Id.* (citation omitted). It determined that the Billboard was a fixture and concluded that Affordable Outdoor "is the owner of the Property and the Billboard annexed to said Property, unless [Appellant] can prove a leasehold interest in the Billboard." *Id.*[3]

Ultimately, the trial court rejected Appellant's argument that it owned the Billboard as personal property through a lease agreement, assignment, and bill of sale. It explained:

_____

[3] According to the trial court, "[a] judicial sale of property does not extinguish leasehold interests in the Property that exist at the time of the judicial sale." TCO at 4 (citation omitted). Thus, it discerned, "[i]f [Appellant] could prove that a valid lease existed at the time of the [t]ax [s]ale, the leasehold interests would not be extinguished by that sale." *Id.*

On March 1, 1952, Charles G. Stehly ("Stehly") entered into an alleged lease agreement with Mark Matz that purportedly leased to Stehly "as much of the premises located at Route 12, 1 mile north of Center Valley as may be necessary for the construction of a ground advertising structures or displays … with the right to maintain advertisements on said structures for a term of 3 years from the first day of March 1952, at the yearly rent of $25.00…[.]" However, no evidence was presented to prove the identity of the owner of the Property at the time of this alleged lease agreement. Therefore, [this court] cannot enforce the alleged lease agreement. Further, the evidence indicates that [Appellant] failed to abide by the terms of the alleged lease agreement by failing to pay the required yearly rent under the alleged lease agreement terms.

[Appellant] asserts that, on March 25, 1993, [Appellant] and Stehly Signs entered into an agreement whereby [Appellant] would be able to access, maintain, and use the Billboard ("Alleged Agreement"). The Alleged Agreement is signed by Otho James, President, Treasurer, and Secretary of Stehly Signs, and William P. Bakos, President, Treasurer, and Secretary of [Appellant.] No evidence was presented to show that Stehly Signs had any interest in the Property at the time of the Alleged Agreement. Therefore, we cannot conclude that Stehly Signs transferred any property interest to [Appellant] through the Alleged Agreement.

Similarly, the [c]ourt cannot conclude that the 2001 Bill of Sale that Stehly Signs executed, purportedly transferring certain of Stehly Signs['s] assets to [Appellant], conveyed the Billboard because no evidence was presented to establish that Stehly Signs had any interest in the Billboard at the time of the 2001 Bill of Sale. Therefore, [this court] cannot conclude that Stehly Signs transferred any property interest to [Appellant] through the Bill of Sale.

*Id.* at 4-5 (internal citations omitted). Accordingly, the trial court found that Appellant "did not possess a valid lease at the time of the [t]ax [s]ale and, thus, had no leasehold property interest in the Billboard at the time of the [t]ax [s]ale." *Id.* at 6. After making that finding, it then went on to reject Appellant's claim that it had acquired a prescriptive easement over the

Property because Mr. Bakos — the sole owner of Appellant — testified that he thought Appellant had permission to access the Billboard. *Id.* at 7. Therefore, the trial court concluded that Appellant "lacked the hostile intent necessary for the use to be adverse." *Id.*

Following the nonjury trial, on March 9, 2018, the trial court entered the following order:

> **AND NOW**, this 9th day of March, 2018, upon consideration of [Affordable Outdoor's] Complaint filed November 30, 2017, [Appellant's] Answer, New Matter And Counterclaim to [Affordable Outdoor's] Complaint filed January 3, 2018, after Non-Jury Trial, and for the reasons set forth in the accompanying Opinion;
>
> **IT IS ORDERED** as follows:
>
> 1. On Count I, the [c]ourt finds in favor of [Appellant] and against … Affordable Outdoor … in no amount; and
>
> 2. On Count II, the [c]ourt finds in favor of … Affordable Outdoor … and against [Appellant] in that … Affordable Outdoor … is declared the lawful owner of the [Property] and all billboards and other fixtures located thereon and [Appellant] is enjoined from entering upon the Property and from altering, destroying or removing any billboards or other fixtures located on the Property.

Trial Court Order, 3/9/2018, at 1 (unnumbered).[4]

On March 22, 2018, Appellant filed a timely post-trial motion, which the trial court denied on June 5, 2018. On July 23, 2018, Appellant praeciped to

---

[4] According to the docket, Pa.R.C.P. 236 notice of this order was not sent to the parties until March 12, 2018. *See* Pa.R.A.P. 108(b) ("The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by [Pa.R.C.P.] 236(b)."); Pa.R.C.P. 236(b) (requiring the prothonotary to note in the docket the giving of the notice).

enter judgment in favor of Affordable Outdoor and against Appellant in no amount. Subsequently, on August 16, 2018, Appellant filed a notice of appeal from the July 23, 2018 judgment. The trial court did not instruct Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and it did not do so.

On September 20, 2018, the trial court issued its Rule 1925(a) opinion. In its opinion, the trial court encouraged us to quash this appeal as untimely. It explained, in relevant part:

> In declaratory judgments, the Superior Court of Pennsylvania has held that the "judgment" for purposes of appeal is the initial order declaring rights as to which post-trial motions are filed, not a subsequent entry of judgment on praecipe. ***Peters v. Nat. Interstate Ins. Co.***, 108 A.3d 38 (Pa. Super. 2014). Further, the Superior Court of Pennsylvania has held that "where [a] trial court issues a declaratory judgment after trial, the 'judgment' issued in the original order is the only 'judgment' that need be entered, even though post-trial motions must be filed in order to preserve any issues for appellate review; therefore, in declaratory judgment actions, the order disposing of post-trial motions is the appealable event, not the entry of judgment." ***Jones v. Prudential Property & Casualty Ins. Co.***, 856 A.2d 838, 840 n.1 (Pa. Super. 2004).
>
> Here, even though [Affordable Outdoor's] [c]omplaint was not titled as a complaint or petition for declaratory judgment and did not, in its wherefore clause, state that it was seeking a declaratory judgment, [Affordable Outdoor] in fact was seeking a declaratory judgment. [Affordable Outdoor's] [c]omplaint requested this [c]ourt to issue a ruling that [Affordable Outdoor] is the lawful owner of the [B]illboard and enjoining [Appellant] from entering [Affordable Outdoor's] real estate and from altering, destroying or removing the [B]illboard located on [Affordable Outdoor's] real estate. This is a declaratory judgment and, thus, this [c]ourt's June 5, 2018 Order denying [Appellant's] Motion for Post[-]Trial Relief is the appealable event and not [Appellant's] Praecipe to Enter Judgment After Verdict filed July 23, 2018.

> Pa.R.A.P. 903(a) requires that a [n]otice of [a]ppeal mandated by Pa.R.A.P. 902 must be filed within thirty … days after the entry of the [o]rder from which the appeal is taken. [Appellant's] Notice of Appeal was filed August 16, 2018, seventy-two … days after the entry of the [o]rder from which the appeal must be taken and, therefore, [Appellant's] Notice of Appeal should be quashed as untimely.

Rule 1925(a) Opinion, 9/20/2018, at 2-3.

In light of the foregoing, Appellant raises the following issues for our review:

1. Whether the appeal is timely as the underlying claims brought before this Court ... included counts of unjust enrichment, demand for equitable relief and counterclaims including counterclaim declaratory judgment, prescriptive easement, and tortious interference with contractual relations and were judgment [*sic*].

2. Whether the trial court erred and abused its discretion in entering an order of court against the weight of the evidence and lacking sufficient evidence to support the court's decision where … [Appellant] proved an enforceable prescriptive easement and proved ownership of the Billboard?

Appellant's Brief at 6.

We first address the timeliness of Appellant's appeal. It is well-established that "timeliness is jurisdictional, as an untimely appeal divests this Court of jurisdiction to hear the merits of the case." **Sass v. AmTrust Bank**, 74 A.3d 1054, 1063 (Pa. Super. 2013) (citation omitted).[5] As set forth above, because the trial court granted declaratory relief, it determined that Appellant

_____

[5] Thus, even if the trial court had not raised the timeliness of Appellant's appeal, we could have assessed its timeliness *sua sponte*. **See Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015) ("We lack jurisdiction to consider untimely appeals, and we may raise such jurisdictional issues *sua sponte*.") (citation omitted).

needed to appeal from the trial court's June 5, 2018 order denying Appellant's post-trial motion — instead of Appellant's July 23, 2018 praecipe to enter judgment — and, therefore, Appellant's August 16, 2018 notice of appeal was untimely filed. Appellant, on the other hand, argues that its appeal was timely filed because the parties' "claims for relief included claims other than declaratory judgment[,]" and "[t]he appeal was filed within thirty days of a final judgment." Appellant's Brief at 10.

In order to assess the timeliness of Appellant's appeal, we must look closely at the complicated jurisprudence surrounding declaratory judgments.[6] To begin, Section 7532 of the Declaratory Judgment Act provides, in pertinent part, the following:

> Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and **such declarations shall have the force and effect of a final judgment or decree.**

42 Pa.C.S. § 7532 (emphasis added). Based on this language, our Supreme Court has stated that "[t]here can be no disputing that Section 7532 defines

_____

[6] This jurisprudence is especially convoluted in the pre-trial context. However, given the procedural posture of the case at bar, we focus our attention on the treatment of declaratory judgments in the post-trial context. For a thorough and well-written summary of declaratory judgment jurisprudence for both contexts, **see** Leonard R. Blazick, _Declaratory Judgment Orders: Appealability_, 88 Pa. B.A. Q. 90 (April 2017).

any order in a declaratory judgment action that either affirmatively or negatively declares 'rights, status, and other legal relations' as a final order." *See Nationwide Mut. Ins. Co. v. Wickett*, 763 A.2d 813, 817 (Pa. 2000).[7]

Subsequently, in *Motorists Mutual Ins. Co. v. Pinkerton*, 830 A.2d 958 (Pa. 2003), our Supreme Court determined that this Court had "erred in quashing as untimely an appeal from a declaratory judgment order entered after trial based on the fact that the appellant filed post-trial motions instead of immediately appealing the order." *Id.* at 959. It concluded that parties must file post-trial motions following post-trial declaratory judgment orders, explaining:

> [W]e do not believe that the Declaratory Judgment Act demands a different result insofar as it states that orders declaring the rights of parties "shall have the force and effect of a final judgment or decree." 42 Pa.C.S. § 7532. While we have held that such language functions to render pre-trial orders declaring the rights of the parties to be immediately appealable, … we cannot agree with the Superior Court that this language should also be interpreted to undermine the uniform procedures that this Court has devised with respect to post-trial proceedings. The venerable purpose of the post-trial motion procedure is to permit the trial court to correct its own errors before appellate review is commenced. Allowing parties to bypass such procedures in declaratory judgment actions would deprive the trial court of this

---

[7] *But see Pennsylvania Manufacturers' Assoc. Ins. Co. v. Johnson Matthey, Inc.*, 188 A.3d 396, 400 (Pa. 2018) (limiting *Wickett's* breadth and quashing an appeal taken pursuant to Pa.R.A.P. 311(a)(8) where "the court's order does not resolve the parties' competing claims for declaratory relief; rather, it merely narrows the dispute"); *see also* Pa.R.A.P. 311(a)(8) ("An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from … [a]n order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties.").

> critical gatekeeping function, while doing little to expedite appellate review. In addition, excepting declaratory judgment orders from the plain language of [Pa.R.C.P.] 227.1[8] would unnecessarily complicate application of that rule and result in further confusion among litigants and the lower courts. Accordingly, we hold that post-trial declaratory judgment orders, just like other post-trial orders, are subject to the post-trial motion procedures in Rule 227.1.

*Id.* at 964 (internal citation and footnote omitted).

Later, in *Jones*, this Court reviewed a case where the appellants filed a declaratory judgment action against an insurance company after the company had rejected the appellants' claim for underinsured motorist benefits following a car accident. *Jones*, 856 A.2d at 840. The appellants requested that the trial court: declare that underinsured motorist coverage existed for them under their insurance policy; reform the insurance policy to include such coverage; and order that the parties be compelled to arbitrate their dispute in accordance with the policy as reformed. *See id.* at 841. The case proceeded to a non-jury trial, and the trial court found in favor of the insurance company on December 12, 2002. *Id.* at 840. The appellants filed timely post-trial motions, which the trial court denied over nine months later. *Id.* Twenty days after the trial court denied their post-trial motions, the appellants filed a timely notice of appeal. *Id.* at 840-41. This Court then directed the appellants to file a praecipe to enter judgment, and they did so. *Id.* at 841. In our subsequent opinion, we noted that our direction to the appellants to file a

---

[8] Rule 227.1 governs post-trial relief.

praecipe for the entry of judgment was "erroneous[,]" *see id.* at 841 n.2, and

stated:

> [The a]ppellants' appeal is timely.  In equity cases, a party has ten days from a trial court's adjudication to file post-trial motions.  Generally, if the trial court fails to rule on the post-trial motions within 120 days, a party may elect to praecipe for the entry of judgment.  However, the present case is a declaratory judgment action, and the trial court's pronouncement on December 12, 2002,[ when it found in favor of the insurance company following the non-jury trial,] was a "judgment."   Therefore, it was unnecessary to praecipe for the entry of judgment in this case.  *See* 42 Pa.C.S.[] § 7532.   Nevertheless, in order to render the trial court's December 12, 2002 judgment final for appeal purposes, [the a]ppellants had an obligation to file post-trial motions.  *See* … *Pinkerton*, … 830 A.2d … 963 ….  The trial court failed to decide [the a]ppellants' post-trial motions within 120 days, but the trial court's delay did not cause [the a]ppellants' appeal to be filed out of time.  We reach this conclusion because, unlike the criminal rules which require post-sentence motions to be filed within 120 days or be deemed denied by operation of law, the civil rules do not provide a mechanism for post-trial motions to be deemed denied by operation of law after the passage of 120 days.  Rather, the civil rules permit, but do not require, a party to praecipe for entry of judgment to move the case forward where the trial court does not decide post-trial motions within 120 days.  In this case, a praecipe would not be appropriate because, as we have found, "judgment" was already entered.  Thus, it is of no moment that the trial court decided [the a]ppellants' post-trial motions more than 120 days after the date the post-trial motions were filed.

*Id.* at 840 n.1 (some internal citations omitted).[9]

---

[9] Our sister court has relied on the reasoning set forth in *Jones*.  *See Riverside School Dist. v. Career Tech. Center*, 104 A.3d 73, 74 n.1 (Pa. Cmwlth. 2014) (observing that the trial court's order granting declaratory relief was a judgment and therefore the trial court's subsequent entry of judgment was unnecessary) (citing *Jones*, 856 A.2d at 840 n.1).

Thereafter, in *Crystal Lake Camps v. Alford*, 923 A.2d 482 (Pa. Super. 2007), this Court challenged the propriety and reach of *Jones*. In *Crystal Lake*, a camp commenced an action against the defendant requesting, *inter alia*, a declaratory judgment decreeing that it was the rightful owner of a property, and an order striking a *lis pendens* filed by the defendant against the property. *Id.* at 484-85. The defendant counterclaimed and sought, among other things, a declaratory judgment stating that his rights to the disputed property were superior to the camp's rights. *Id.* at 485. Following a non-jury trial, the trial court rendered a verdict on November 18, 2005, in favor of the camp and directed that "[u]pon entry of the judgment … the *lis pendens* indexed against the property shall be stricken." *Id.* (citation omitted). Within ten days of the verdict, the defendant filed a motion for reconsideration, which the trial court denied. *Id.* Days later, the camp filed a praecipe to enter judgment, which the prothonotary entered on December 9, 2005. *Id.* Over a month later, the defendant filed a motion to strike the December 9, 2005 judgment. The trial court granted the motion to strike, explaining that it "did not strike [the] November 18, 2005 [o]pinion and [v]erdict but instead struck the [p]rothonotary's December 9, 200[5] entry of said verdict because, by virtue of the Declaratory Judgment Act, the verdict did not need to be entered in order to be considered final." *Id.* at 486.

On appeal, the *Crystal Lake* panel concluded that the camp "properly praeciped for the entry of the judgment and [the trial court's] decision to strike the judgment is in direct contravention to the plain language of Pa.R.C.P.

- 12 -

227.4.[10]" *Id.* It distinguished this case from the situation in *Jones*, noting that the defendant here did not file a post-trial motion that was later denied by the trial court, and observing that the trial court expressly conditioned its verdict to take effect upon entry of the judgment. *Id.* at 487-88. Further, it opined:

> Our decision today follows and effectuates our Supreme Court's holding in *Pinkerton*. In an effort to create uniform procedures for post-trial practice in both actions at law and equity, the Court in *Pinkerton* held that "post-trial declaratory judgment orders, just like other post-trial orders, are subject to the post-trial motion procedures in Rule 227.1." 830 A.2d at 964. In reaching this conclusion, the Court emphasized that the Declaratory Judgment Act should not "be interpreted to undermine the uniform procedures that [the Supreme Court of Pennsylvania] has devised with respect to post-trial proceedings." *Id. Pinkerton* ultimately evinces the Supreme Court's intent that post-trial practice be dictated primarily by the manner in which a case is disposed, not merely by the form of the action. Hence, declaratory judgment actions, like all others, are subject to post-trial practice when resolved after trial, while actions resolved by peremptory remedies are not. The plain language of [Rule] 227.4 makes it clear that the Rule's post-trial procedure is inexorably intertwined with post-trial motion practice under [Rule] 227.1. Therefore, by subjecting declaratory judgment actions to the post-trial practice of [Rule] 227.4, our decision today is in accord with *Pinkerton's* primary purpose of achieving procedural uniformity between actions at law and equity. To the extent that this Opinion can be read to be in conflict with *Jones*, we conclude that *Pinkerton*, considered together with Rules 227.4 and 227.1, is controlling authority on the matter and compels the result that we reach today.

*Id.* at 488-89 (some internal citations omitted).

---

[10] Pa.R.C.P. 227.4 addresses the entry of judgment upon praecipe of a party.

- 13 -

Despite the **Crystal Lake** panel's departure from **Jones**, subsequently in **Peters**, this Court reasserted the principle set forth in **Jones** — that is, in a declaratory judgment action, an appeal after the disposition of post-trial motions is properly taken from the order of declaratory judgment and, therefore, a party does not need to praecipe for entry of judgment on the docket. **Peters**, 108 A.3d at 41 n.2.[11]

After reviewing the case law, it becomes evident that a waiver trap has formed here. Typically, "[a]n appeal from an order denying post-trial motions is interlocutory. Thus, it follows that an appeal to this Court can only lie from judgments entered subsequent to the trial court's disposition of any post-verdict motions, not from the order denying post-trial motions." **Johnston the Florist, Inc. v. TEDCO Const. Corp.**, 657 A.2d 511, 514 (Pa. Super.

---

[11] To briefly elaborate, in **Peters**, a truck driver filed a complaint against the appellants seeking a declaratory judgment of insurance coverage. **Peters**, 108 A.3d at 41. After a non-jury trial, the trial court found in favor of the truck driver. **Id.** The appellants then filed a motion for post-trial relief, which the trial court denied. **Id.** at 42. They then timely appealed from the trial court's order denying its post-trial motion. **Id.** We discerned:

> [The a]ppellants purport to appeal from the order of December 23, 2013, denying their post-trial motion. A party must file post-trial motions to preserve the claims the party wishes to raise on appeal. **See** … **Pinkerton**, … 830 A.2d … 964 …. However, an appeal after disposition of the required post-trial motion is properly taken from the order of declaratory judgment, which is the final order. **See** 42 Pa.C.S. § 7532 ("[S]uch declarations shall have the force and effect of a final judgment or decree.").

**Peters**, 108 A.3d at 41 n.2.

1995) (citations omitted). However, **Jones** and **Peters** represent that it is unnecessary to praecipe for the entry of judgment following the disposition of post-trial motions in declaratory judgment actions and, therefore, the denial of the post-trial motion is the event that triggers the 30-day appeal period under Pa.R.A.P. 903.[12] While Appellant acknowledges **Jones** and **Peters**, it argues that the trial court's decision in the case at bar was "not limited solely to an issuance of a declaratory judgment[,]" but also rejected Affordable Outdoor's unjust enrichment claim, enjoined Appellant from entering the

_____

[12] Others have also deemed this inconsistency a waiver trap:

> In all cases in which post-trial relief must be sought pursuant to [Rule] 227.1, with the exception of declaratory judgments, the appealable event is not the order disposing of post-trial relief, but is the entry of the judgment on the verdict. In declaratory judgments, the Superior Court has held that the "judgment" for purposes of appeal is the initial order declaring rights as to which post-trial motions are filed, such that the appeal is triggered by the order denying post-trial motions, not a subsequent entry of judgment on praecipe. The Commonwealth Court has adopted the Superior Court's holding in the context of a non-jury trial culminating in the grant of declaratory judgment.

> Thus, in cases other than declaratory judgment action, where post-trial motions are required, the parties usually control the occurrence of the appealable event, not the court. There is no requirement that the praecipe be filed at any particular time.

DARLINGTON, MCKEON, SCHUCKERS, BROWN & CAWLEY, 20 WEST'S PA. PRAC., APPELLATE PRACTICE § 301:8 (2018) (footnotes omitted; unnumbered). Consequently, this discrepancy "creates a trap for counsel who reasonably assume that the appeal-triggering event where post-trial motions are required is the counsel-controlled entry of judgment on the original verdict." **Id.** at n.6.

premises and altering, destroying, or removing the Billboard, and effectively denied Appellant's counterclaims for a prescriptive easement and tortious interference with contractual relations. **See** Appellant's Reply Brief at 2; **see also** Appellant's Brief at 11-12. Thus, Appellant suggests that it needed to praecipe for entry of judgment in light of the other claims, and maintains its appeal was timely. **See** Appellant's Brief at 10.[13]

While it appears that **Jones** and **Peters** may bind us, in 2015, the Pennsylvania Supreme Court amended Pa.R.A.P. 341, which defines final orders. Presently, Rule 341 states, in relevant part, the following:

> **(a) General Rule.**--[A]n appeal may be taken as of right from any final order of a government unit or trial court.
>
> **(b) Definition of Final Order.**--A final order is any order that:
>
> (1) disposes of all claims and of all parties; or
>
> (2) RESCINDED
>
> (3) is entered as a final order pursuant to paragraph (c) of this rule.[14]

Pa.R.A.P. 341(a), (b). Prior to the amendment in 2015, Rule 341(b)(2) had provided that a final order includes any order that "is expressly defined as a

---

[13] In response, Affordable Outdoor persuasively ascertains that **Jones** was not limited to a declaratory judgment action. Affordable Outdoor's Brief at 15. In that case, Affordable Outdoor points out that the appellants also sought "to reform the underlying insurance policy due to mistake. The trial court ruled that the [appellants] were estopped from asserting mistake. This issue was included as an additional issue on appeal." **Id.**

[14] Paragraph (c) sets forth, among other things, that a "trial court … may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case." Pa.R.A.P. 341(c).

final order by statute[.]" Pa.R.A.P. 341(b)(2) (rescinded in 2015). As Section 7532 of the Declaratory Judgment Act states that "such declarations shall have the force and effect of a final judgment or decree[,]" *see* 42 Pa.C.S. § 7532, they were appealable under Rule 341(b)(2), notwithstanding that other claims and parties remained at issue. In rescinding Rule 341(b)(2), the note to the rule explains:

> *Rescission of subparagraph (b)(2)*--The 2015 rescission of subparagraph (b)(2) eliminated a potential waiver trap created by legislative use of the adjective "final" to describe orders that were procedurally interlocutory but nonetheless designated as appealable as of right. Failure to appeal immediately an interlocutory order deemed final by statute waived the right to challenge the order on appeal from the final judgment. Rescinding subparagraph (b)(2) eliminated this potential waiver of the right to appeal. ***If an order designated as appealable by a statute disposes of all claims and of all parties, it is appealable as a final order pursuant to Pa.R.A.P. 341. If the order does not meet that standard, then it is interlocutory regardless of the statutory description.*** Pa.R.A.P. 311(a)(8) provides for appeal as of right from an order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims or of all parties and, thus, is interlocutory; Pa.R.A.P. 311(g) addresses waiver if no appeal is taken immediately from such interlocutory order.
>
> One of the further effects of the rescission of subparagraph (b)(2) is to change the basis for appealability of orders that do not end the case but grant or deny a declaratory judgment. ***See*** … ***Wickett***, 763 A.2d [at] 818…; ***Pa. Bankers Ass'n v. Pa. Dep't. of Banking***, 948 A.2d 790, 798 (Pa. 2008). The effect of the rescission is to eliminate waiver for failure to take an immediate appeal from such an order. A party aggrieved by an interlocutory order granting or denying a declaratory judgment, where the order satisfies the criteria for "finality" under ***Pennsylvania Bankers Association***, may elect to proceed under [Rule] 311(a)(8) or wait until the end of the case and proceed under subparagraph (b)(1) of this rule.

Pa.R.A.P. 341, *Note* (emphasis added).

With that background, we decline to quash this appeal as untimely. Initially, we point out that **Jones** and **Peters** pre-date the amendment to Rule 341, which eliminated characterizing an order as final because a statute expressly defines it as such.[15] Rule 341, however, continues to define a final order as one that "disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1). Here, because there were non-declaratory relief claims that would not be rendered final until a praecipe for entry of judgment was entered, **see Johnston**, **supra**, Appellant's praecipe for entry of judgment was not erroneous or unnecessary, and therefore its subsequent appeal therefrom was timely. Further, this disposition conforms to the efforts made in **Pinkerton** and **Crystal Lake** to create a uniform procedure for civil actions, lessens the reach of any waiver trap, and complies with the definition of a final order under Rule 341(b)(1).

_____

[15] Our Supreme Court has stated that Rule 311(a)(8) has "replaced" Rule 341(b)(2). **Pennsylvania Manufacturers' Assoc. Ins. Co.**, 188 A.3d at 399 n.4; **see also** Pa.R.A.P. 311(a)(8) (permitting an appeal to be taken as of right from "[a]n order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties"). Thus, our Supreme Court has said that — when all claims and all parties are not disposed of — an appeal may be taken from an order declaring the rights of the parties if the order in question "resolves the entirety of the parties' eligibility for declaratory relief…." **Id.** at 400. Thus, in the case *sub judice*, Appellant had the option of either immediately appealing the order granting declaratory relief, as it entirely resolved the parties' claims for declaratory relief, *or* waiting until all claims and all parties were disposed of, which required it to praecipe for the entry of judgment in light of the other, non-declaratory relief claims addressed in the trial court's order.

In sum, we hold that a party is not required to appeal within 30 days from an order denying post-trial motions where that order disposes of both declaratory judgment, and non-declaratory judgment, claims. We therefore decline to quash Appellant's appeal, and proceed to the merits.

In its second issue, Appellant raises "[w]hether the trial court erred and abused its discretion in entering an order of court against the weight of the evidence and lacking sufficient evidence to support the court's decision where [Appellant] proved an enforceable prescriptive easement and proved ownership of the Billboard[.]" Appellant's Brief at 6. Although framed as one issue, this statement lumps together several distinct questions. Nevertheless, upon our review of its brief, the crux of Appellant's argument seems to be that the trial court wrongly determined that it did not establish a prescriptive easement onto the Property to access the Billboard.

> We apply the following standard of review:

> When reviewing the results of a non-jury trial, we give great deference to the factual findings of the trial court. We must determine whether the trial court's verdict is supported by competent evidence in the record and is free from legal error. For discretionary questions, we review for an abuse of that discretion. For pure questions of law, our review is *de novo*.

***Recreation Land Corp. v. Hartzfeld***, 947 A.2d 771, 774 (Pa. Super. 2008) (internal citations omitted).

> With respect to prescriptive easements, this Court has explained:

> A prescriptive easement is created by (1) adverse, (2) open, (3) notorious, (4) continuous and uninterrupted use for a period of twenty-one (21) years. Moreover, the party asserting the easement must demonstrate clear and positive proof. Permissive

use defeats a claim of a prescriptive easement. The landowner has the burden of proving consent, but only after the alleged easement holder proves the use was adverse, open, notorious, and continuous for 21 uninterrupted years.

***Village of Four Seasons Ass'n, Inc. v. Elk Mountain Ski Resort, Inc.***, 103 A.3d 814, 822 (Pa. Super. 2014) (internal citations and quotation marks omitted).

In denying Appellant's prescriptive easement claim, the trial court explained:

> The use of the Property appears to be open, notorious, continuous and uninterrupted. The issue lies with whether the use of the Property was adverse. Before the title of a landowner may be encumbered by an easement, the [c]ourt must be presented with clear proof that the prescriptive rights have been established by a user with hostile intent and not through indulgence, permission or mutual accommodation. ***Stevenson v. Williams***, … 145 A.2d 734, 736-37 ([Pa. Super.] 1958). Here, [Appellant] thought it had permission to access the Billboard through an alleged lease and assignment that it thought was valid. The fact that [Appellant] thought there was a valid lease for access to the Billboard is inconsistent with [Appellant's] having hostile intent. Although the [c]ourt has held that [Appellant] did not have an enforceable lease and assignment, [Appellant] believed that it did. Thus, [Appellant] lacked the hostile intent necessary for the use to be adverse. Therefore, [the trial court] hold[s] that [Appellant] did not acquire a prescriptive easement for access to the Property to use and maintain the Billboard.

TCO at 6-7.

Appellant attacks both the trial court's application of the law and its finding that Appellant did not prove all of the elements of a prescriptive easement. Regarding the law, Appellant claims that the trial court is "looking solely to [Appellant's] state of mind which is not required for a prescriptive easement" and that "[t]he hostility required by the [trial] [c]ourt is not a

- 20 -

defined element of a prescriptive easement in the cited precedent."
Appellant's Brief at 18. It argues that Appellant's sole owner "testified about
an initial belief of a [l]ease and a failed attempt to make a payment towards
the [l]ease." *Id.* at 19 (footnote omitted). However, it says "[n]o further
attempts for payment were made. Payment was never accepted by the
landowner. [Appellant] did not seek permission for its continued entry on the
land. [Appellant] continued to operate its business on the property without
any financial benefit to the landowner." *Id.*[16] Given that evidence, it says
that "[th]e record before the [t]rial [c]ourt provided [a] sufficient basis for
finding … a prescriptive easement…." *Id.* at 21.

No relief is due. Appellant had the burden of proving a prescriptive
easement by clear and positive proof. Here, Appellant's sole owner — Mr.
Bakos — provided the following testimony on cross-examination:

> [Affordable Outdoor's Attorney:] You have a lease on this property
> and this is it, correct?
>
> [Mr. Bakos:] That would be the existing lease, yes.
>
> [Affordable Outdoor's Attorney:] And that's still in effect, you
> said?

---

[16] Appellant also asserts that "[t]he record … reveals that a prior lease may
have existed between [Appellant's] predecessor and landowner." Appellant's
Brief at 15. It argues that the predecessor's lease "does not negate
[Appellant's] notorious use and intent." *Id.* at 17 (relying on ***Waltimyer v.
Smith***, 556 A.2d 912 (Pa. Super. 1989)). However, the trial court did not
base its decision on the fact that a lease may have existed in the past between
Appellant's predecessor and the landowner; instead, it focused its analysis on
the testimony of Appellant's sole owner that he believed he currently had a
lease to enter the property. ***See*** TCO at 6-7, ***supra***. We discuss this
testimony further below.

[Mr. Bakos:] I reckon, yeah.

[Affordable Outdoor's Attorney:] Okay. You reckon. And you've made no payments since 1994, I guess. You said you did it for a year and then stopped paying?

[Mr. Bakos:] Correct.

[Affordable Outdoor's Attorney:] So no payments have been made on the lease since 1994?

[Mr. Bakos:] Correct.

[Affordable Outdoor's Attorney:] Is that why you believed your men could keep coming onto the property, because you had a lease; correct?

[Mr. Bakos:] Correct.

[Affordable Outdoor's Attorney:] Okay.

[Mr. Bakos:] It was my billboard, so we're servicing it.

[Affordable Outdoor's Attorney:] Your billboard on a property that you're leasing and your men come on pursuant to the lease; correct?

[Mr. Bakos:] Correct.

N.T. Trial, 2/13/2018, at 91-92.

Although the trial court determined that the lease was not valid or enforceable, Mr. Bakos testified that Appellant has a lease, or at least some kind of agreement, to enter the Property. In other words, pursuant to this agreement, Mr. Bakos advanced that his use of the land was, and continues to be, permissive. Moreover, Mr. Bakos said that "[i]f I stopped paying a lease and someone asked me to leave, yes, that would be fine." *Id.* at 88. However, he explained that "[n]o one ever asked me about money. I didn't

- 22 -

ask about a lease. I had a lease." *Id.*[17] Mr. Bakos's testimony belies Appellant's contention that its use of the land was adverse because its owner asserted that it has some sort of permission to be there.[18] Further, Mr. Bakos's attempt to make payments goes against a finding of adversity. Therefore, Appellant did not clearly and positively prove hostile intent and a lack of indulgence, permission or mutual accommodation.

Moreover, while the trial court states that Mr. Bakos's belief goes to the adverse element, it also undercuts the element of continuity. Affordable Outdoor cites to ***Keefer v. Jones***, 359 A.2d 735 (Pa. 1976), which states that "the evidence need not show a constant use in order to establish continuity; rather, continuity is established if the evidence shows a settled course of conduct indicating an attitude of mind on the part of the user or users that the use is the exercise of a property right." *Id.* at 737 (citations omitted); ***see also*** Affordable Outdoor's Brief at 17. In addition, Affordable Outdoor references ***Walley v. Iraca***, 520 A.2d 886 (Pa. Super. 1987), where this Court determined that continuity was not established where the landowners presented evidence that the appellant asserting the prescriptive easement had asked for permission to use their property. ***See id.*** at 889-90. We opined that, "[c]learly, any request for permission to use the road … would be

---

[17] Mr. Bakos explained that he sent a check during his first year on the Property to Mark Matz, the lessor in the original lease agreement, but it was never cashed. ***See id.*** at 89-90.

[18] Appellant does not argue that any indulgence, permission or mutual accommodation must be legally binding and enforceable.

inconsistent with [the appellant's] assertions on the stand that he had acted under claim of right during the prescriptive period." *Id.* at 890; *see also Stevenson*, 145 A.2d at 736 (determining no prescriptive easement existed where neighbors, *inter alia*, had agreed to divide the costs of blacktopping a common driveway). Further, in *Kaufer v. Beccaris*, 584 A.2d 357 (Pa. Super. 1991), in concluding that the appellant had established a prescriptive easement, we noted that there was no evidence that the appellant had ever requested permission from the landowner to use the rear of his land. *Id.* at 359; *see also Waltimyer*, 556 A.2d at 913-15 (affirming a prescriptive easement existed, where various users had used a common driveway without "requesting or receiving" permission to do so). In the case at bar, Mr. Bakos testified that he had sent checks to the landowner — which we view as akin to requesting permission — and said he would leave if someone asked him to because he stopped making lease payments. N.T. Trial at 87-90. This testimony does not establish "a settled course of conduct indicating an attitude of mind on the part of the user or users that the use is the exercise of a property right." *See Keefer*, *supra*. Accordingly, we do not determine that the trial court erred or abused its discretion in ascertaining that Appellant did not establish a prescriptive easement for access to the Property to use and maintain the Billboard.[19]

_____

[19] To the degree that Appellant makes a weight of the evidence argument pertaining to the prescriptive easement, we deem it waived for lack of

Finally, to the extent Appellant raises arguments related to its ownership of the Billboard and the sufficiency of corporate documents produced at trial, we deem such arguments waived for lack of development. ***See In re S.T.S., Jr.***, 76 A.3d at 42. Appellant devotes roughly one page to these arguments, provides no analysis for them, and cites no legal authority in support. ***See*** Appellant's Brief at 21-22. Therefore, in light of the foregoing, we affirm the trial court's judgment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/19

---

development. ***See In re S.T.S., Jr.***, 76 A.3d 24, 42 (Pa. Super. 2013) ("[M]ere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of a matter.") (citations omitted). Nevertheless, even if not waived, we would not grant Appellant relief on this basis, given that it did not present sufficient evidence to establish the prescriptive easement in the first place. ***See Haan v. Wells***, 103 A.3d 60, 70 (Pa. Super. 2014) (noting that the trial court may award relief for weight of the evidence claims "only when the … verdict is so contrary to the evidence as to shock one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion") (citations omitted).