J-A21010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MDG DOWNINGTOWN, L.P. AND AQUA PENNSYLVANIA, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW KANAPESKY | : | |
| | : | No. 451 EDA 2022 |
| Appellant | : | |

Appeal from the Order Entered December 20, 2021
In the Court of Common Pleas of Chester County Civil Division at No(s):
2017-05077-CT

BEFORE:  LAZARUS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED OCTOBER 7, 2022**

Matthew Kanapesky appeals from the December 20, 2021 order, entered in the Court of Common Pleas of Chester County, denying his "Motion to Make Rule Absolute."  Upon review, we quash.

In light of our disposition, we provide only a truncated procedural history of the matter.  On January 17, 2010, the parties entered into an Easement Agreement that granted MDG Downingtown access to Kanapesky's property for the purpose of installing a portion of an "Aqua Water" pipeline. Additionally, it granted MDG Downingtown the rights to maintain, repair, replace, and service the pipeline in the easement area.  After some issues arose between the parties,[1] MDG Downingtown, on May 11, 2017, filed an

---

[1] Kanapesky had physically blocked MDG Downingtown from completing work on the pipeline and demanded additional payment from MDG Downingtown.

Emergency Petition for Special and Preliminary Injunction and a Complaint. On May 26, 2017, the trial court granted a preliminary injunction in favor of MDG Downingtown.[2]

On June 23, 2017, Kanapesky filed an interlocutory appeal to this Court. However, Kanapesky failed to comply with numerous appellate rules, and also failed to pay the associated fees which resulted in significant delays. **See MDG Downingtown, L.P. v. Kanapesky**, 221 A.3d 1254, **1-2 (Pa. Super. 2019) (unpublished memorandum decision). Additionally, he failed to file a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. **Id.** These failures resulted in Kanapesky waiving all of his claims on appeal and, consequently, we affirmed the trial court's May 26, 2017 order. **Id.**

Subsequently, on March 11, 2020, the trial court entered an order transforming the aforementioned preliminary injunction into a permanent injunction in favor of MDG Downingtown. **See** Order, 3/11/20, at 1. Kanapesky did not file a motion for reconsideration or any other matter for over 20 months until, on November 13, 2021, Kanapesky filed a "Motion to Make Rule Absolute." Additionally, on November 16, 2021, Kanapesky filed a purported Answer, New Matter and Counterclaims to MDG Downtingtown's

---

[2] We note that, after the preliminary injunction was granted, MDG Downingtown finished installation of the pipeline, completed the remaining work, and fully restored Kanapesky's property by July 13, 2017. Nevertheless, Kanapesky refused to allow MDG Downingtown to complete the Easement Agreement by prohibiting MDG Downingtown's access to install, inter alia, water taps.

May 11, 2017 Complaint. On November 17, 2021, Kanapesky also filed a Petition to Dissolve Permanent Injunction. On December 9, 2021, MDG Downingtown filed a Response arguing, *inter alia*, that the matter had already been concluded by the March 11, 2020 order. On December 20, 2021, the trial court denied Kanapesky's motions because they raised previously litigated issues that the March 11, 2020 permanent injunction had already resolved. **See** Order, 12/20/21, at 1 n.1 (trial court explained that March 11, 2020 Order "dispos[ed] of all issues in this case"). Ultimately, Kanapesky filed an appeal, on January 18, 2022. Both Kanapesky and the trial court have complied with Rule 1925(b).[3]

Prior to addressing Kanapesky's numerous issues, we must determine whether Kanapesky has appealed from a final order, and whether his appeal is timely. **See** Pa.R.A.P. 341(b)(1); **see also Gutteridge v. A.P. Green Servs., Inc.**, 804 A.2d 643, 650 (Pa. Super. 2002) (finality of order appealed from is jurisdictional and must be addressed prior to merits review). Generally, a final order is an order that disposes of all claims and parties. Pa.R.A.P. 341(b)(1). Additionally, "[i]t is well established that timeliness is jurisdictional, as an untimely appeal divests this Court of jurisdiction to hear

---

[3] On April 25, 2022, this Court issued a Rule to Show Cause directing Kanapesky to explain whether the December 20, 2021 order was a final appealable order. **See** Rule to Show Cause, 4/25/22. On May 5, 2022, Kanapesky responded that because the order resolved all claims, and he filed an appeal within 30 days, the order was final and his appeal was timely. **See** Response, 5/5/22, at 1-7. Ultimately, this Court discharged the Rule to Show Cause and referred the matter to the merits panel. **See** Order, 5/18/22.

the merits of the case." ***Affordable Outdoor, LLC v. Tri-Outdoor, Inc.***, 210 A.3d 270, 274 (Pa. Super. 2019) (citation and quotation marks omitted). Pursuant to Pa.R.A.P. 903, an aggrieved party must file a notice of appeal within 30 days after entry of the order from which the appeal is taken. ***See*** Pa.R.A.P. 903 (in civil actions, 30-day appeal period runs from date prothonotary memorializes that it provided notice to parties).

Instantly, the trial court's March 11, 2020 order that granted the permanent injunction was a final order. ***See*** Order, 3/11/20, at 1 (trial court granted permanent injunction and dismissed all pending claims from both parties); ***see also*** Pa.R.A.P. 341. In particular, we observe that Kanapesky never responded to MDG Downingtown's request for a permanent injunction. Additionally, subsequent to the March 11, 2020 order, Kanapesky conceded that all of his claims had been addressed. ***See*** Letter to Trial Court, 7/30/20, at 1 (wherein Kanapesky, through counsel, agreed that "all open matters . . . have now been properly addressed and concluded."). Thus, we conclude that the March 11, 2020 order disposed of all claims and all parties. ***See*** Order, 3/11/20, at 1 (granting permanent injunction in favor of MDG Downingtown, dismissing all remaining claims for MDG Downingtown, dismissing all remaining claims for Kanapesky).

Further, Kanapesky did not file a motion to reconsider that final order, or any other motion in the instant case until **20 months later**, in November 2022, when he filed the aforementioned answers, new matter, and counterclaims. However, it is quite clear that not only are these filings

- 4 -

excessively late, but they did not actually raise any viable counterclaims or new matter. Rather, these filings raise claims that Kanapesky had already litigated, prior to the trial court's March 11, 2020 order granting the permanent injunction, and had already been disposed of in the trial court's various orders. *See* Trial Court Opinion, 4/6/22, at 3-4 (describing where Kanapesky's claims had been previously addressed); Order, 3/11/21, at 1; Order, 5/26/17, at 1. Thus, the November 2021 filings could not, and **did not**, extend the filing time for Kanapesky's notice of appeal.[4]

In conclusion, the March 11, 2020 order was a final order. *See* Pa.R.A.P. 341. Thus, Kanapesky had 30 days to file a notice of appeal from the March 11, 2020 order. *See* Pa.R.A.P. 903. However, Kanapesky waited 20 months before late-filing various motions and now purports to appeal from the order denying them. By utterly failing to comply with our appellate rules and file a timely notice of appeal from a final order, Kanapesky's appeal must be quashed, as we lack the jurisdiction to entertain this appeal. *See* Pa.R.A.P. 341. Accordingly, we quash this appeal.[5]

_____

[4] We note that while our Supreme Court declared a general, statewide judicial emergency relating to the COVID-19 pandemic, effective March 18, 2020, it expired on June 1, 2020. *See **In re: General Statewide Judicial Emergency***, 234 A.3d 408 (Pa. 2020) (Table) (ending suspension of time calculations effective June 1, 2020). Thus, even with the ongoing COVID-19 pandemic, Kanapesky was still required to file a timely notice of appeal on or about June 1, 2020. His appeal was filed on January 18, 2022, 19 months after the suspended time calculations ended.

[5] To the extent that any of Kanapesky's claims could be considered new claims, it is well past the time to file an appeal to this Court, and the underlying case has long since concluded. There are no valid claims before this Court.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2022