J-A09024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DAVID PAUL WASHINSKY, EXECUTOR OF THE ESTATE OF PAUL WASHINSKY | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| THOMAS NICHOLAS WASHINSKY | : : | No. 468 WDA 2023 |
| Appellant | : | |

Appeal from the Order Entered March 23, 2023
In the Court of Common Pleas of Cambria County Orphans' Court at
No(s):  11-22-159

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                 **FILED: AUGUST 6, 2024**

Thomas Washinsky appeals from the order declaring that his father's purported power of attorney ("POA") was invalid and further directing return of certain assets to his father's estate.  Upon review, we affirm.

Paul Washinsky ("Decedent") died on January 8, 2022; he was a widower survived by four children: David Paul Washinsky, John Matthew Washinsky, Karen Ann Crawford, and Thomas N. Washinsky ("Thomas"). Decedent's wife, Rose Washinsky, predeceased him on January 11, 2021. Decedent had a will and named David Paul Washinsky as executor of his estate ("David").

Prior to his death, Decedent purportedly executed a power-of-attorney ("POA") on May 4, 2021, designating Thomas as agent.  Thomas made the following transactions pursuant to the POA or by signing Decedent's name:

1) executed a deed dated July 9, 2021, conveying three parcels of decedent's property, including a house, garage, and shed, to himself for one dollar ($1.00);

2) added his name as joint tenant with right of survivorship on Decedent's existing account with TD AmeriTrade, dated October 15, 2021, calling several times in January 2022 to check the status of this application and representing he was Decedent;

3) completed a TD Ameritrade Transfer on Death Beneficiary Agreement purporting to add his name as joint tenant on an existing account titled in the names of Decedent and his wife, on October 1, 2021;

4) added his name to a savings account in the name of Decedent and his wife at USSCO Credit Union, by account change card dated July 12, 2019, withdrew funds in the amount of $215,249.53 from this account on September 21, 2020, and then closed it;

5) transferred ownership of a 2014 Ford vehicle owned by Decedent to himself for no consideration on August 17, 2021; and

6) wrote nine checks on Decedent's AmeriServe Trust and Financial Services account for various household expenses while Thomas lived with Decedent;

7) withdrew $7,259 from Decedent's CNB bank account; and

8) submitted a beneficiary designation form to Decedent's UMWA Health and Retirement fund designating him as the primary beneficiary,

listing Decedent's wife as contingent beneficiary, and withdrawing $1,589.

*See* Orphans' Court Order, 2/9/23, at 1-4, 6.

On February 22, 2022, David, acting on behalf of Decedent's estate, filed a petition for declaratory judgment with the orphans' court. Specifically, David sought a declaration that the POA was invalid, and an accounting of assets transferred pursuant thereto. David further requested that other assets, which Thomas improperly transferred to himself, be returned to the estate, and any beneficiary designations or ownership status be invalidated.

The orphans' court held a hearing on David's petition. Thereafter, on February 9, 2023, the orphans' court granted David's petition declaring the 2021 POA invalid and invalidating the real estate and vehicle transactions Thomas made. The court further found that Thomas improperly transferred other assets to himself and established himself as account owner or beneficiary. The court directed that Thomas reimburse or return to the estate assets he transferred to himself and directed entities to reestablish account ownership and beneficiary designations to their original status.[1]

---

[1] This order was amended twice: on March 23, 2023, to vacate the paragraph regarding the estate's litigation costs per stipulation of the parties; and, on April 13, 2023, to address several ministerial issues.

On February 27, 2023, Thomas filed a post-trial motion.[2]  David filed a motion to quash the motion as untimely; the court denied it.  On March 21, 2023, the court denied Thomas' requested relief.

Thomas filed this timely appeal.[3]  Thomas and the orphans' court complied with Pennsylvania Rule of Appellate Procedure 1925.

Thomas raises the following single issue for our review:

> Whether the court erred on determination of estate assets, distribution of, and award based upon evidence and testimony.

Thomas' Brief at 4.

Preliminarily, we must address whether this appeal is properly before us.[4]  "The appealability of an order directly implicates the jurisdiction of the

_____

[2] We note that, although the Orphans' Court Rules provide that no post-trial motions may be filed to any order or decree of the orphans' court," Rule 5.1 provides that an action for declaratory judgment may brought in accordance with the petition rules and the Pennsylvania Declaratory Judgments Act, 42 Pa.C.S.A. § 7531, et seq. "'[P]ost-trial declaratory judgment orders, just like other post-trial orders, are subject to the post-trial motion procedures in Rule 227.1.'" **Crystal Lake Camps v. Alford**, 923 A.2d 482, 488 (Pa. Super. 2007) (quoting **Motorists Mutual Ins. Co. v. Pinkerton**, 830 A.2d 958, 963 (Pa. 2003)).  No one disputes whether the parties followed the proper procedure here, therefore, we do not address it.

[3] Regarding declaratory judgment actions, the "judgment for purposes of appeal is the initial order declaring rights as to which post-trial motions are filed, such that the appeal of judgment is triggered by the order denying post-trial motions, not a subsequent entry of judgment on praecipe[.]" **Affordable Outdoor, LC v. Tri-Outdoor**, Inc., 210 A.3d 270, 279 n.12 (Pa. Super 2019).

[4] We issued a rule on June 26, 2023, directing Thomas to show cause why the March 23, 2023, order is appealable.  Thomas filed a timely response stating that the order is appealable as it disposed of the declaratory judgment action

*(Footnote Continued Next Page)*

court asked to review the order." ***See Estate of Considine v. Wachovia Bank***, 966 A.2d 1148, 1151 (Pa. Super. 2009). "[T]his Court has the power to inquire at any time, *sua sponte*, whether an order is appealable." ***Id.*** It is well-settled that "[a]n appeal may be taken from: (1) a final order or an order certified as a final order; (2) an interlocutory order as of right; (3) an interlocutory order by permission; or (4) a collateral order." ***In re Estate of Cella***, 12 A.3d 374, 377 (Pa. Super. 2010) (citations and quotation marks omitted).

Here, the order from which Thomas appeals is a final order. The orphans' court disposed of all issues David raised in the declaratory judgment petition.[5] ***See*** Pa.R.A.P. 341 (defining "final order" as one that disposes of all claims and of all parties). The court directed Thomas to file an accounting. Following a hearing, the court declared the POA invalid and unenforceable. The court directed that the value of the car be deducted from Thomas' share of the estate and invalidated the deed transferring the real estate to Thomas pursuant to the POA. The court further directed that various assets Thomas improperly acquired from Decedent be returned to the estate and account

---

and granted declaratory relief in David's favor. By *per curiam* order dated October 4, 2023, the rule to show cause was discharged, allowing the appeal to proceed. The order further indicated that the issue of appealability may be revisited by the merits panel assigned to address the merits of the appeal.

[5] Thomas withdrew his will contest.

ownership and beneficiary designation be returned to their original status. All issues David raised in the petition were resolved by the court's order.[6]

However, upon further review, we conclude that Thomas' sole appellate issue is waived. We have stated:

> The fundamental tool for appellate review is the official record of the events that occurred in the trial court. To ensure that an appellate court has the necessary records, the Pennsylvania Rules of Appellate Procedure provide for the transmission of a certified record from the trial court to the appellate court. The law of Pennsylvania is well settled that matters which are not of record cannot be considered on appeal. Thus, an appellate court is limited to considering only the materials in the certified record when resolving an issue. . . . [U]nder the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent—a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record. ... Simply put, if a document is not in the certified record, the Superior Court may not consider it.
>
> This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record. This requirement is not a mere "technicality" nor is this a question of whether we are empowered to complain *sua sponte* of *lacunae* in the record. In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted.

***

---

[6] Additionally, even if this were not a final order, it would be an interlocutory order appealable as of right. Pennsylvania Rule of Appellate Procedure 342 provides, *inter alia*, that an appeal may be taken as of right from an order of the orphans' court determining an interest in real or personal property. The order at issue here determined that several assets in the possession of Thomas properly belonged to the estate.

With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. . . . When the appellant . . . fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review. It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts.

*Commonwealth v. Preston*, 904 A.2d 1, 6-7 (Pa. Super. 2006) (citations omitted). "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." *Id.* at 7; *see also* Pa.R.A.P. 1911(d) (stating that "[i]f the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal."). Thus, the failure by an appellant to ensure that the original record for appeal contains sufficient information to conduct a proper review constitutes a waiver of the issues sought to be examined. *Id.*

Here, the certified record does not include a transcript of testimony from the hearing held on December 7, 2022. According to David, Thomas did not request that a transcript be produced. David confirmed this with the court reporter and Cambria County Clerk of the Orphans' Court. *See* David's Brief, at 1 fn. 1. This transcript sets forth the testimony of the expert who examined the signatures on the documents as well as Thomas' own testimony which is

critical to our review in this matter. Without the transcript, we have nothing to review. Consequently, Thomas' issue is waived, and we cannot consider its merits.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/6/2024